## A90A0501. CRISP v. THE STATE.
### (395 SE2d 47)

BANKE, Presiding Judge.

At the conclusion of a bench trial, the appellant was found guilty of one count of trafficking in cocaine, as well as five additional counts of violating the Georgia Controlled Substances Act and two counts of possessing a firearm during the commission of a felony. He brings this appeal from the denial of his motion for new trial.

The appellant was among several persons who were arrested on November 6, 1987, during a raid on a suite of rooms registered to a Patricia Partridge. The raid occurred after the manager of the hotel became suspicious that illegal activity might be taking place in the suite and requested police assistance in evicting its occupants. The appellant was charged with possession of cocaine and marijuana and possession of a firearm during the commission of a felony in connection with this incident.

On June 4, 1988, the manager of another hotel discovered the appellant unconscious in a room registered to one Timothy Roberts, who is a co-defendant in the present case. Upon regaining consciousness, the appellant told police he did not know where he was nor how he had gotten there. The appellant was also charged with possession of cocaine and possession of a firearm during the commission of a felony in connection with this incident, as well as with possession of diazepam.

The appellant was again arrested on October 3, 1988, after an informant in the custody of the Fulton County police made arrangements over the telephone to meet with him and co-defendant Roberts for the purpose of purchasing a quantity of cocaine. When the appellant and Roberts arrived at the designated meeting place for the transaction, the police converged on them, seizing a quantity of cocaine from the front seat of their vehicle and also seizing a pistol from each of them. In connection with this arrest, the appellant was charged with trafficking in cocaine, possession of cocaine, possession of cocaine with intent to distribute, and possession of a firearm during the commission of a felony. *Held*:

1. The appellant contends that the trial court erred in denying his motion to suppress the cocaine seized from his person and presence during the course of the three arrests. We need not address the legality of the searches of the two hotel rooms, because the appellant was not a registered guest at either hotel and because he failed to demonstrate any connection with the premises, other than his mere presence there at the time the searches were conducted, which would enable him to claim a reasonable expectation of privacy therein. See *Sanders v. State*, 181 Ga. App. 117, 118 (351 SE2d 666) (1986). See also *Delgado v. State*, 192 Ga. App. 356 (384 SE2d 680) (1989); *Rakas*

*v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387) (1978). Compare *Minnesota v. Olson* 495 U. S. ___ (110 SC ___, 109 LE2d 85) (1990) (holding that an overnight guest in a private residence does have a reasonable expectation of privacy in the premises). With respect to the search of the pickup truck, we hold that probable cause existed for the warrantless arrest of the appellant and his companion on the occasion in question and that the search of the vehicle was consequently authorized as a search incident to that arrest. See generally *Butler v. State*, 185 Ga. App. 478 (1) (364 SE2d 612) (1988); *Smith v. State*, 135 Ga. App. 424 (218 SE2d 133) (1975). In this connection, we reject the appellant's contention that the state failed to make an adequate showing of the informant's reliability. Police officers were present when the informant made his arrangements to meet the appellant and Roberts for the purpose of purchasing cocaine from them, and the events which subsequently transpired provided a substantial basis for concluding that the informant's information was reliable. See generally *Butler v. State*, supra.

2. The appellant contends that the trial court erred in refusing to dismiss the charges against him on grounds of prosecutorial vindictiveness. Originally, the appellant was charged in three separate indictments with the drug charges arising from each of his three separate arrests. Subsequently, a fourth indictment was returned consolidating all the drug charges from the three original indictments and adding to them the firearms charges, which had not been included in the original indictments. The appellant contends that the decision to consolidate the drug charges and to add the firearms charges was made in retaliation for certain pre-trial evidentiary challenges which he had asserted. The state denied any such motive, and the trial court was not required under the circumstances to conclude that the appellant was the victim of prosecutorial vindictiveness. Accord *United States v. Goodwin*, 457 U. S. 368 (102 SC 2485, 73 LE2d 74) (1982); *Bordenkircher v. Hayes*, 434 U. S. 357 (98 SC 663, 54 LE2d 604) (1978).

3. The appellant contends that the trial court erred in denying his motion to sever the offenses. We disagree. Given the similar nature of the charges arising from each of the three arrests and the presence of other common factors, such as the use of beepers, weapons and hotel rooms and the involvement of co-defendant Roberts, the trial court was authorized to conclude that the various offenses constituted a series of related or connected acts. See generally *Haisman v. State*, 242 Ga. 896 (3) (252 SE2d 397) (1979). Accordingly, the appellant's motion for severance was properly denied.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

Decided May 29, 1990.

John D. McCord III, for appellant.
Robert E. Wilson, District Attorney, Barbara B. Conroy, Desiree L. Sutton, R. Stephen Roberts, Assistant District Attorneys, for appellee.