## A92A0220. BRAMBLETT v. THE STATE.
(422 SE2d 18)

ANDREWS, Judge.

Bramblett appeals the denial of the motion to suppress initially filed by his co-defendants and adopted by him.

On September 28, 1989, officers obtained a search warrant for the person and home of co-defendant Bobby Perry. The warrant sought methamphetamine powder. While the warrant was being executed, Bramblett and co-defendant James Berry entered the premises. Berry entered first and was patted down, during which the officer felt a bulge in his pocket which was further investigated and proved to be a bag of cash and methamphetamine.

Bramblett later knocked at the door and was let in and patted down for weapons. Investigating a bulge in his right front pocket, officers discovered a package containing methamphetamine powder. In the pocket of the leather jacket he was wearing was found a quantity of marijuana. On the dash of his truck, parked outside the house, officers found a .38 revolver. Bramblett was charged with possession of less than an ounce of marijuana; possession of methamphetamine; and possession of a firearm by a felon.

1. While Bramblett did not testify during the pretrial hearings on the motion to suppress, he did testify during the trial of the case and we may consider that evidence in ruling on the issue of the motion to suppress. *Sanders v. State*, 235 Ga. 425, 431 (219 SE2d 768) (1975).

Bramblett denied that the leather jacket he was wearing and in which the marijuana was found was his. He said he used his truck as a "work truck," hauling crews in it for his grading business. According to him, men were always leaving articles of clothing in the truck and when he arrived at Perry's, he grabbed the coat off the seat because it was raining.

"It is the relationship of the person with the property searched

that gives rise to the protection of the Fourth Amendment. [Cit.] Here, the appellant asserted no possessory or other interest in either the [marijuana] or in the . . . property where the search was conducted. 'The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. *Rakas v. Illinois*, 439 U. S. 128 (1) (99 SC 421, 58 LE2d 387). And, an individual who claims he is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises [or belongings] has not had any of his Fourth Amendment rights infringed. Id.' " *Todd v. State*, 184 Ga. App. 750, 751 (2) (362 SE2d 400) (1987). Therefore, Bramblett has no standing to raise the issue of the search of the jacket pocket.

2. Bramblett filed a motion to suppress which argued that the search of his person was conducted pursuant to the warrant issued for the person and premises of Bobby Perry and that the search was improper because it took place before the actual signing of the warrant.[1] Later, Bramblett filed his motion to adopt the motion to suppress filed by co-defendants Perry and Berry. That motion was directed solely at alleged deficiencies in the affidavit upon which the warrant issued. All of the information in the affidavit dealt with Perry and events at his home. Bramblett was not alluded to in the affidavit or warrant. There is no evidence to show that Bramblett had any possessory interest in or expectation of privacy on the premises and he, therefore, lacks standing to challenge the warrant. E.g., *State v. Jackson*, 201 Ga. App. 810, 812 (1) (412 SE2d 593) (1991); *Crisp v. State*, 195 Ga. App. 786 (1) (395 SE2d 47) (1990); *Sanders v. State*, 181 Ga. App. 117, 118 (2) (351 SE2d 666) (1986).

Also, because Bramblett arrived on the premises during the search and the officers stated they patted him down for their own safety, OCGA § 17-5-28 (1) provides justification for the actions taken by the officers. " '(This) statute by necessary implication describes the limited circumstances in which the executing officer may search persons not identified in the warrant incident to a legitimate search of premises.' [Cit.]" *Brown v. State*, 181 Ga. App. 768, 770 (353 SE2d 572) (1987).

3. The other "issues" listed by Bramblett following his enumeration of error are not supported by argument or citation of authority in his brief and are deemed abandoned. Court of Appeals Rule 15 (c) (2).

---

[1] The time written on the warrant by the magistrate issuing it was 1:40 p.m., but, due to smearing of ink, appeared to read 11:40 p.m. The search occurred at 8:45 p.m. The magistrate testified and the court concluded the warrant issued at 1:40 p.m. On appeal, we accept the trial court's rulings on disputed facts and credibility unless clearly erroneous, which they are not here. *Hill v. State*, 183 Ga. App. 654, 656 (2) (360 SE2d 4) (1987).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The issue discussed and decided in Division 1, i.e., the search of the jacket pocket and the seizure of marijuana from it, is not raised by appellant or at most falls into the same abyss of abandonment as those disposed of in Division 3.

The enumeration of errors, liberally read, contends that the search warrant was defective for seven reasons, that its execution occurred before its issuance and beyond its scope, and that three items of physical evidence should have been excluded because left in the jury room overnight during deliberations in the first trial, which was mistried.

Appellant's argument addresses only the validity of the warrant and its issuance. It does not address the execution of the warrant. Nor does it address the pat-down and seizure of items from the jacket pocket (marijuana) or appellant's two pants pockets (bottle of diazepam in one and plastic bag of methamphetamine, .22 bullets, wallet containing $1,012 in the other). It does not show how the warrant, if invalidly issued, eliminates the authority to subject him, a visitor during the warrant's execution, to a pat-down search for weapons. As to the final contention, attacking the chain of evidence, the argument merely restates it.

Based on the authorities cited at the end of Division 2, I concur with respect to appellant's challenge to the validity and issuance of the search warrant for co-defendant's premises. I concur in Division 3 and I do not reach the issue decided in Division 1.

DECIDED JULY 9, 1992 —
RECONSIDERATION DENIED JULY 31, 1992.

*Hester & Hester, Frank B. Hester,* for appellant.

*C. Andrew Fuller, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney,* for appellee.