## A09A1579. GREEN v. THE STATE.
(691 SE2d 283)

DOYLE, Judge.

Following a stipulated bench trial, Kendre Green appeals from his recidivist conviction for trafficking in cocaine,[1] possessing controlled substances and marijuana with intent to distribute them in violation of the Georgia Controlled Substances Act[2] (three counts), possession of a firearm during the commission of certain crimes[3] (two counts), and possession of a firearm by a convicted felon[4] (two counts). Green contends that the trial court erred in denying his motion to suppress evidence found during a search incident to a warrantless arrest which he argues was performed without probable cause. We disagree and affirm.

When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate

---

[1] OCGA § 16-13-31 (a) (1).

[2] OCGA § 16-13-30 (b) & (j).

[3] OCGA § 16-11-106 (b) (4).

[4] OCGA § 16-11-131 (b).

court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility . . . must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[5]

So viewed, the evidence at the suppression hearing shows that police worked with a confidential informant to arrange a controlled purchase of cocaine from Green. Green spoke on the phone with a police officer posing as the informant's cousin, and they agreed to meet the next day at the informant's motel room so that the informant could repay money owed to Green and so the undercover officer could buy cocaine from Green.

The next day, a police team staked out the motel along with the undercover officer who waited with the informant for Green to call. The informant had described Green to police as a heavy-set African-American male, five feet ten inches tall, wearing jeans, a white tank top with a bandana and/or white baseball cap, driving a black, four-door Acura with sport wheels, and carrying a black shoulder bag with narcotics and a loaded gun. Green called the informant four times to say that he was on his way, announcing that they would hear his car stereo before they saw his car. Shortly after the last call when Green spoke directly to the undercover officer and said he was nearing the motel, officers heard and then saw a black, four-door Acura with sport wheels drive into the motel parking lot. Green got out of the car and his appearance, dress, and shoulder bag matched that described by the informant. Green walked directly to the informant's room and, upon knocking at the door, was arrested by officers waiting in the neighboring room.

Police searched Green's shoulder bag and found a loaded handgun, spoons with cocaine residue, methamphetamine, marijuana, ecstasy (MDMA) pills, and 35 grams of cocaine. On Green's person, police found $1,245 in cash and another loaded handgun. After waiving his *Miranda* rights, Green later told police that he had gone to the motel to collect money owed to him by an individual in room

---

[5] (Citation, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

231 (the informant's room) and to sell cocaine to the undercover officer whom he believed to be the informant's cousin.

Following the denial of both his motion to suppress and his motion for reconsideration, Green was found guilty in a stipulated bench trial. He now appeals.

Green argues that police lacked probable cause to arrest him based on the alleged unreliability of the confidential informant. Green points to an affidavit by the confidential informant after Green's arrest stating that the description of Green given to police was of a different person, that Green was not the person the undercover officer spoke to on the phone, that Green had reasons to come to the motel other than to conduct a drug transaction, and that the person with whom the officer arranged the drug transaction had not arrived at the motel when Green was mistakenly arrested. Based on this affidavit, Green moved for reconsideration of the denial of his motion to suppress. However, at the hearing on Green's motion for reconsideration, the informant testified and explained that she was lying in the affidavit due to threats by Green's family pressuring her to provide testimony exonerating Green.

Despite the informant's wavering accounts, in an appeal challenging the denial of a motion to suppress, we must uphold the trial court's findings as to conflicting evidence unless clearly erroneous.[6]

> The [trial] judge hears the evidence, and his findings are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Furthermore, Georgia law has long held that the trier of fact may believe or disbelieve all or any part of the testimony of any witness. Thus, on appellate review of a trial court's order on a motion to suppress evidence, we never second-guess the trial court's factual findings where they are based on testimonial evidence.[7]

Here, the trial court heard testimony from the informant that her affidavit was false. Further, an officer at the scene testified that she spoke to Green on the phone minutes before his arrival, during which conversation Green stated he would be arriving shortly and would have a loud car stereo, which police soon personally observed. Green matched the informant's detailed description of his physical appearance, clothing, car, and shoulder bag. Green immediately

---

[6] See id.

[7] (Punctuation and footnotes omitted.) *Handy v. State*, 298 Ga. App. 633, 634 (680 SE2d 646) (2009).

approached the room where the arranged drug sale was to take place. Based on this evidence, the trial court was authorized to disbelieve the informant's abandoned affidavit and accept the testimony of the officer on the scene.[8]

In light of the evidence, we conclude the arrest was lawful.

> A warrantless search is authorized if conducted pursuant to a lawful arrest. . . . If, when the arrest is made, the facts and circumstances known to the arresting officer are sufficient to warrant a prudent person in believing that the accused had committed or is committing an offense, the warrantless arrest passes constitutional muster.[9]

Here, the officers observed Green's appearance matching that given by the informant as Green drove into the motel at the time and in the manner Green himself predicted over the phone to an undercover officer while negotiating the sale of cocaine ten to fifteen minutes prior to his arrival. Therefore, based on the totality of the circumstances, we conclude that police had probable cause to believe Green possessed cocaine.[10] Accordingly, the arrest and ensuing search incident to the arrest were authorized, and the trial court properly denied Green's motion to suppress.[11]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 16, 2010.

*Michael J. Davis, Jr.*, for appellant.
*Garry T. Moss, District Attorney, Sara A. Thompson, Lawton W. Scott, Assistant District Attorneys*, for appellee.

---

[8] See id.

[9] (Citations omitted.) *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996).

[10] See *State v. Hancock*, 203 Ga. App. 577, 578 (417 SE2d 381) (1992) (finding probable cause based on new informant's tip because officers personally heard defendant state when and where he would appear with cocaine); *Crisp v. State*, 195 Ga. App. 786, 787 (1) (395 SE2d 47) (1990) (finding probable cause to arrest because "officers were present when the informant made his arrangements to meet the appellant . . . for the purpose of purchasing cocaine from them, and the events which subsequently transpired provided a substantial basis for concluding that the informant's information was reliable").

[11] See *Harvey v. State*, 266 Ga. at 672.