A99A2162. WARD v. DEPARTMENT OF HUMAN RESOURCES.
(527 SE2d 3)

RUFFIN, Judge.

Cindy Ward appeals from an order of the Superior Court of Henry County directing her to pay support for her minor child who lives with his father. Ward contends that the petition to establish support should have been brought as an action to modify her existing support obligations, rather than an original action to establish support. We agree that the Department of Human Resources ("DHR") failed to follow the statutory procedure precisely, but as that failure did not prejudice Ward, we affirm the child support order.

Ward and Anthony Burch married in 1982 and had four children together. They divorced in 1991. During the divorce proceedings, the trial court entered a temporary order granting custody of all four children to Ward and directing Burch to pay support for each child. Burch and Ward later signed an agreement giving custody of the eldest child to Burch and custody of the other children to Ward. Under this agreement, Burch was to pay Ward $28 per week per child as support for the three children living with her. The agreement did not specifically address child support payments for the child living with Burch, but did state that Burch and Ward would equally divide the cost of medical care not covered by insurance for all four children. The trial court's final divorce decree incorporated the parties' agreement and ordered them to abide by it.

In 1994, Burch sought help from Child Support Enforcement in Henry County to get Ward to pay support for the one child in his custody. In 1997, DHR filed a petition seeking support from Ward on behalf of the child. Ward moved to dismiss the petition, but the trial court denied her motion.[1] The court then held a hearing to determine the appropriate amount of support for the child living with Burch. Following the hearing, the court entered an order directing Ward to pay $40 per month in support. In arriving at that figure, the trial court considered the fact that Ward was supporting three other children and that Burch was in arrears on his child support payments to her.

---

[1] Ward raised several arguments in her motion to dismiss, but the trial court addressed only one of them. On appeal, Ward's enumeration of error is limited to the one argument addressed by the trial court. We therefore do not consider the other arguments for dismissal that Ward made below.

Ward argues that the 1991 divorce decree established a support obligation for her with respect to the child living with Burch — specifically, it required her to pay one-half of the child's medical expenses not covered by insurance. According to Ward, therefore, the petition for support should have been brought as an action to *modify* her child support obligations under OCGA § 19-6-19, not as an action to *establish* them. DHR, on the other hand, contends that the divorce decree was silent as to support for the eldest child and that its petition was thus procedurally proper. And even if the petition should have been brought as one for modification, DHR urges, the result would have been the same because Ward's support obligations diverged greatly from the amount recommended under statutory guidelines.[2]

First, we note that Ward is correct that the 1991 divorce decree established child support obligations for her with respect to the eldest child. In *Conley v. Conley*,[3] the Supreme Court held that an obligation to pay a portion of a child's medical and dental expenses counts as an obligation to pay child support. Because the divorce decree required Ward to pay half of the child's medical expenses not covered by insurance, it did obligate Ward to pay child support. It does not follow, however, that the only way Burch could modify Ward's obligation was to bring an action under OCGA § 19-6-19.

OCGA § 19-6-19 sets forth the exclusive remedy available to a custodial parent proceeding *on his own* to increase the support obligations of the noncustodial parent.[4] Such parent must show a change in the financial status of either parent or in the needs of the child as a threshold to recovery under this Code section.[5] Thus, had Burch sued Ward on his own for child support, he would have been required to proceed under OCGA § 19-6-19, and his failure to show a change in circumstances would have precluded a change in support.

In addition to the self-initiated remedy available under OCGA § 19-6-19, however, a custodial parent may apply to DHR for child support enforcement services.[6] Upon the application of a parent, DHR "shall review for possible modification child support orders, judicial and administrative in origin."[7] If DHR determines that there is "a significant inconsistency between the amount of the existing child support order and the amount of child support which would

---

[2] See OCGA § 19-6-15 (setting forth ranges for appropriate child support payments).
[3] 259 Ga. 68, 69 (2) (377 SE2d 663) (1989).
[4] Id. at 70 (4).
[5] See OCGA § 19-6-19 (a); *Wingard v. Paris*, 270 Ga. 439 (511 SE2d 167) (1999).
[6] See OCGA §§ 19-11-6 (c); 19-11-8 (b).
[7] OCGA § 19-11-12 (c) (1).

result from the application of Code Section 19-6-15," then DHR shall recommend an appropriate increase or decrease in support obligations.[8] If either parent objects to DHR's recommendation, then DHR is required to petition the superior court to adopt its recommendation, and "a de novo proceeding shall be scheduled with the court on the matter."[9] Thus, OCGA § 19-6-19 (parent-initiated modification proceeding) and § 19-11-12 (DHR review of child support orders) are independent remedies available to parents who wish to modify child support obligations.[10] When a parent seeks help from DHR, there is no threshold requirement that the parent demonstrate a change in the financial position of either parent or in the needs of the child.

Here, Burch elected to apply to DHR for help. DHR notified Ward of Burch's application and its intention to determine the extent of her support obligation. Erroneously concluding that she had no such obligation, DHR filed a petition against her in superior court to establish one. Under OCGA § 19-11-12, DHR should have first conducted its own review of Ward's support obligations and made an appropriate recommendation. If either Ward or Burch objected, DHR should have *then* filed a petition for the superior court to adopt its recommendation.

DHR's failure to follow this procedure, however, was harmless. DHR duly notified Ward of its intention to proceed against her for child support and gave her the opportunity to meet and discuss the matter. Most importantly, the superior court heard the case de novo and conducted a hearing at which Ward testified and presented evidence. The court considered the unique circumstances of the case and ultimately directed Ward to pay child support in an amount far below the statutory guideline. On appeal, Ward does not argue that her hearing in superior court was anything less than full and fair, nor does she challenge the amount of child support she was ordered to pay. Under these circumstances, we cannot conclude that Ward was prejudiced in any way by DHR's failure to strictly follow the procedures of OCGA § 19-11-12.[11] Finally, while we are sympathetic to Ward's protest that it is unfair to impose additional support obligations on her while her ex-husband remains delinquent in his payments, we are mindful that child support is the right of the *child*, not the parent, and that the failure of one parent to meet his obligations does not excuse the other parent from meeting hers.[12]

---

[8] OCGA § 19-11-12 (d) (2).

[9] OCGA § 19-11-12 (d) (4) (B).

[10] *Kelley v. Dept. of Human Resources*, 269 Ga. 384, 385-386 (2) (498 SE2d 741) (1998).

[11] See *Carder v. Racine Enterprises*, 261 Ga. 142 (1) (401 SE2d 688) (1991) ("Harm as well as error must be shown to authorize a reversal by this court.").

[12] See *Stewart v. Stewart*, 160 Ga. App. 463 (287 SE2d 378) (1981).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

Decided December 3, 1999 — ▮

*Crumbley & Crumbley, Jackson E. Cox II*, for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Katherine S. Davis, Assistant Attorney General, Charles L. Cash, Jr.*, for appellee.