S00G0604. WARD v. DEPARTMENT OF HUMAN RESOURCES.
(537 SE2d 70)

HUNSTEIN, Justice.

Cindy Ward, appellant, and Anthony Burch were granted a divorce by the Henry County Superior Court in 1991. The final divorce decree awarded custody of the couple's oldest child to Burch and awarded custody of the three remaining children to Ward. Under the decree, Burch was to pay Ward $28 per week per child as support for the three children living with her. Although the decree did not expressly provide for child support payments for the child living with Burch, it required Ward and Burch to equally divide the cost of medical care not covered by insurance for all of the children.

In 1994, Burch filed an application with the Department of Human Resources ("DHR") for assistance in recovering child support from Ward for the child in his custody. In 1997, DHR filed a Petition for Support to establish Ward's obligation to pay child support to Burch. After a hearing to determine the appropriate amount of child support, the trial court entered an order directing Ward to pay $40 per month in support. Ward thereafter filed, and the Court of Appeals granted, an application for discretionary appeal. In that appeal, the Court of Appeals held that the 1991 divorce decree established child support obligations for Ward with respect to the oldest child in that Ward was required to pay a portion of the child's medical expenses not covered by insurance. *Ward v. Dept. of Human Resources,* 241 Ga. App. 298, 299 (527 SE2d 3) (1999). Although the Court of Appeals agreed with Ward that DHR erroneously filed a petition to establish a support obligation where one already existed and failed to follow the specific procedures set forth in OCGA § 19-11-12 for modifying a child support obligation, it found the error to be harmless based on its conclusion that Ward was not prejudiced by DHR's failure to comply with OCGA § 19-11-12. *Ward,* supra at 300. We granted Ward's petition for certiorari to consider whether the Court of Appeals applied the proper standard for determining when DHR may collect additional child support for a custodial parent. For the reasons that follow, we reverse.

1. The 1991 divorce decree obligated Ward to pay one-half of all

medical and dental expenses not covered by insurance and incurred on behalf of the child in Burch's custody. Under the decisions of this Court, a parent's obligation to pay a portion of a child's medical and dental expenses is an obligation to pay child support. See *Conley v. Conley*, 259 Ga. 68 (2) (377 SE2d 663) (1989); *Stone v. Stone*, 254 Ga. 519 (2) (330 SE2d 887) (1985). We conclude, therefore, that the Court of Appeals was correct in holding that the 1991 divorce decree obligated Ward to pay child support and that DHR's filing of a petition to establish a child support obligation was erroneous.

2. We cannot agree, however, with the Court of Appeals' conclusion that DHR's failure to follow the statutory procedures set forth in OCGA § 19-11-12 for the modification of an existing child support obligation was harmless error. Under OCGA § 19-11-8 (b), DHR is required to accept applications for child support enforcement services from a custodian of a minor child who is not a recipient of public assistance. OCGA § 19-11-12 sets forth the review procedures to be followed by DHR when reviewing for possible modification both administratively and judicially imposed child support orders. OCGA § 19-11-12 (b), (c) and (d). By establishing the procedures to be followed by DHR in modification actions authorized under OCGA § 19-11-8 (b), OCGA § 19-11-12 is a statute in pari materia with OCGA § 19-11-8 and must be read in conjunction with those opinions which have interpreted it. Thus, we find controlling in this case our opinion in *Allen v. Dept. of Human Resources*, 262 Ga. 521, 523 (2) (423 SE2d 383) (1992), in which we interpreted OCGA § 19-11-8 (b) to authorize DHR to file modification actions on behalf of children not receiving public assistance only in cases where DHR can show the child's need for additional support. Because the trial court erred in failing to hold DHR to its burden of proving additional need on the part of the child and DHR failed to present any evidence of the child's need for additional support, we cannot conclude that the trial court's failure to follow the procedures of OCGA § 19-11-12 was harmless error. Accordingly, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 2, 2000 —
RECONSIDERATION DENIED OCTOBER 26, 2000.

*Jackson E. Cox II*, for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General,*

*Katherine S. Davis, Assistant Attorney General, Charles Cash, Jr.,* for appellee.