A00A2023. IN THE INTEREST OF M. H., a child.
(543 SE2d 390)

JOHNSON, Chief Judge.

M. H. was adjudicated delinquent for committing an act which, were he an adult, would constitute the crime of possession of cocaine with intent to distribute. In his sole enumeration of error, he challenges the denial of his motion to suppress evidence found in a hotel room registered to another person. Because M. H. lacked standing to object to a search of a hotel room in which he had no expectation of privacy, we affirm.

---

On appeal, this Court construes the evidence most favorably to uphold the lower court's decision on a motion to suppress.[1]

So viewed, the evidence shows that police officers arrested 17-year-old K. A. near a hotel at 4:30 a.m. for allegedly selling cocaine. During the arrest, the officers found a hotel room key in K. A.'s pocket. They asked K. A. where they could find his mother. He replied that she was in the hotel room.

The officers went to the hotel room and knocked on the door. A man named Alvin Spight answered it. One of the officers asked Spight if K. A.'s mother was there, to which Spight replied that she was not. The officer asked if he could come in, and the three people in the room responded that he could. The officers entered the room and saw crack cocaine on the nightstand. Fifteen-year-old M. H. came out of the bathroom, and one of the officers went into the bathroom. In it, he found two crack pipes and marijuana seeds. Police arrested everyone in the hotel room. While searching M. H. incident to his arrest, officers found 23 pieces of crack cocaine in his pocket.

The room searched was registered in the name of Skip Wilson, who rented the room as a single person with no guests. It is not clear from the record whether Wilson was in the hotel room when the police arrived.

Although the juvenile court's basis for denying the motion to suppress is not exactly clear, the hearing transcript reveals that the judge focused on the fact that the officers had been given a room key "by somebody who had been in there," namely K. A., during his arrest. The judge equivocated on the issue a great deal, but eventually found that the officers were authorized to enter the room because K. A. had given them a key. The court added that the drugs were, at the point the officers entered the room, in plain view. Because of the standing issue, however, we need not address the correctness of this particular basis for the ruling.

The Fourth Amendment right against unreasonable search and seizure is a personal right; thus, a defendant may challenge the legality of a search only where his own rights were violated.[2] The Fourth Amendment protects a defendant who can show that he had an expectation of privacy in the area searched which society recognizes as reasonable.[3] The burden is on the defendant to show that he has standing to contest the alleged violation, i.e., that he has a legitimate expectation of privacy in the premises searched.[4]

---

[1] See *Huntley v. State*, 244 Ga. App. 212, 213 (1) (535 SE2d 270) (2000); *In the Interest of J. L. G.*, 209 Ga. App. 565, 566 (434 SE2d 126) (1993).

[2] *Floyd v. State*, 237 Ga. App. 586, 587 (516 SE2d 96) (1999).

[3] Id.

[4] *Atwater v. State*, 233 Ga. App. 339, 340 (2) (503 SE2d 919) (1998).

In this case, M. H. has not demonstrated that he has standing to challenge the officers' entry into the hotel room. There was no evidence that he was an overnight guest or frequent social visitor in the room.[5] The room was registered in another person's name, and he failed to show any connection with the premises, other than his presence there at the time the search was conducted. Thus, he has not demonstrated any reasonable expectation of privacy in the room.[6]

Although the juvenile court denied the motion to suppress on a different basis, we may affirm the lower court's ruling if it is right for any reason.[7] The juvenile court's denial of the motion was correct because M. H. lacked standing to challenge the search. Therefore, it will be affirmed.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 29, 2000.

*Ann N. Garner*, for appellant.

*Jonath A. Morrow, Solicitor, Jimmy L. Tarver, Assistant Solicitor*, for appellee.

---

[5] See id.

[6] Id.; see *Moody v. State*, 232 Ga. App. 499, 504 (4) (a) (502 SE2d 323) (1998); *Crisp v. State*, 195 Ga. App. 786 (1) (395 SE2d 47) (1990).

[7] See *Benton v. State*, 240 Ga. App. 243, 245 (1) (522 SE2d 726) (1999).