S02A1446. DEPARTMENT OF HUMAN RESOURCES v. ALLISON et al.
(575 SE2d 876)

CARLEY, Justice.

The parties to this case include the divorced parents of a minor child who is in the custody of Mother and who does not receive public assistance. Father is obligated under the terms of the divorce decree to pay Mother $100 per week in child support. At Father's request, the Department of Human Resources (DHR) determined that, under

the guidelines found in OCGA § 19-6-15, the amount of his payments should be reduced. Pursuant to OCGA § 19-11-12, DHR filed a petition seeking a decrease in the weekly amount of support, and Mother objected to the proposed modification. Citing *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521 (423 SE2d 383) (1992), the trial court denied the petition, holding that DHR did not have standing to seek modification because the child was not receiving public assistance and DHR did not show a need for additional support. DHR appeals pursuant to our grant of an application for discretionary appeal. Although OCGA § 19-11-12 confers standing on DHR to seek a downward modification in those cases wherein it previously participated and obtained an order establishing or enforcing child support, we affirm because the record fails to show that DHR met the burden of proving its standing by demonstrating such prior involvement in this case.

*Allen* is not direct authority for the trial court's ruling that DHR lacks standing. That case involved an attempt by DHR, in response to an application for child support enforcement services pursuant to OCGA §§ 19-11-6 (c) and 19-11-8 (b), to increase the amount of support for a child who was not receiving public assistance. In those circumstances, we held that DHR is authorized "to file modification actions on behalf of children who do not receive public assistance only in cases where [it] can show the child's need for additional support." *Allen v. Ga. Dept. of Human Resources*, supra at 523 (2). However, the present action does not seek such an upward modification on behalf of a child, but is brought by DHR on behalf of the non-custodial parent to decrease the amount of support. Proof of the child's need for additional support clearly is not relevant to DHR's authority to seek a downward modification.

DHR is not limited to representing parents whose children are receiving public assistance. OCGA §§ 19-11-6 (c) and 19-11-8 (b), enacted in response to Title IV-D of the Social Security Act, 42 USC § 651 et seq., require DHR to accept applications for child support "enforcement services" from parents of minor children not receiving public assistance. *Allen v. Ga. Dept. of Human Resources*, supra at 524 (2), fn. 6. The rationale of these provisions is to ensure that the child will not be forced to turn to public assistance in the future. *Allen v. Ga. Dept. of Human Resources*, supra at 524 (2), fn. 6. Obviously, that purpose is not served by allowing DHR to seek reductions in child support. Instead, the probability that the child will need public assistance increases if parental support decreases. If express provisions such as OCGA §§ 19-11-6 and 19-11-8 were deemed necessary to allow DHR to provide representation to the custodial parent of a child not on welfare, then a comparable express provision is surely necessary to allow DHR to represent the non-custodial parent of such

a child. DHR contends that OCGA § 19-11-12 constitutes such a provision.

Unlike OCGA §§ 19-11-6 and 19-11-8, OCGA § 19-11-12 "was enacted as part of the Child Support Recovery Act [cit.] in response to a federal mandate requiring each State to establish procedures for its child support agency to review and adjust *certain* child support orders. [Cits.]" (Emphasis supplied.) *Kelley v. Dept. of Human Resources*, 269 Ga. 384, 385-386 (2) (498 SE2d 741) (1998). See also *Department of Human Resources v. Siggers*, 219 Ga. App. 1, 2 (463 SE2d 544) (1995) (construing a prior version of OCGA § 19-11-12 to authorize review only of agency orders). The particular orders for which a review procedure must be provided are those which are "being enforced under" Part IV-D of the federal act and under the Child Support Recovery Act of Georgia. 42 USC § 666 (a) (10) (A) (i); OCGA § 19-11-12 (b) (1). Likewise, federal regulations require the State to "[h]ave in effect and use a process for review and adjustment of child support orders being enforced under title IV-D of the Act. . . ." 45 CFR § 303.8 (b) (1). See also Ga. Admin. Code 290-7-1-.06 (providing for "review of the IV-D order"). "It is apparent from both the federal and state legislation and . . . rules, that all Title IV-D child support orders" are subject to the statutory review procedure. *Doring v. Doring*, 666 A2d 1388, 1391 (N.J. Super. 1995).

> Section 19-11-12 complies with the federal mandate that requires States to put in place effective procedures whereby every three years, the State conducts a review of support orders *being enforced* and, if appropriate, adjusts *those* orders in accordance with current statutory guidelines established for the determination of appropriate child support award amounts. [Cit.] (Emphasis supplied.)

*Kelley v. Dept. of Human Resources*, supra at 387 (3). Thus, the review and modification process of OCGA § 19-11-12 "is only applied to Title IV-D cases. [Cit.]" Op. Att'y Gen. U90-24, p. 139. Clearly then, DHR's review authority under the statute extends only to those cases which are *already* being enforced under Title IV-D. When subsection (c) of OCGA § 19-11-12 is construed in its state and federal statutory context, it cannot apply to every child support order without regard to prior involvement of the IV-D agency. OCGA § 19-11-12 does not authorize the agency to review a child support order unless it had some pre-existing involvement in obtaining the order pursuant to OCGA § 19-11-6 or § 19-11-8. See *In the Matter of Nash*, 867 P2d 528, 532 (Or. App. 1994). We find a total absence of any statutory or case law in this state to permit DHR's initial participation in a case to be for the purpose of a downward modification action on behalf of a

non-custodial parent. Compare *Ward v. Dept. of Human Resources*, 273 Ga. 52, 53 (2) (537 SE2d 70) (2000) (which applied the procedures of OCGA § 19-11-12 to an attempt to increase child support where the custodial parent had previously filed an application for enforcement services).

Therefore, DHR does not have plenary authority to represent all non-custodial parents in modification actions. "[W]e do not believe the Legislature intended to give DHR the power to seek modification of support to the same extent a parent may do so." *Allen v. Ga. Dept. of Human Resources*, supra at 524 (2). Yet that is precisely the power that DHR claims when representing the non-custodial parent rather than the child. Although *Allen* is factually distinguishable, its recognition that there is not a complete identity of interest between DHR and the parent is applicable here. See *Butler v. Turner*, 274 Ga. 566, 569 (1) (555 SE2d 427) (2001).

Moreover, construing OCGA § 19-11-12 so as to provide DHR with the unlimited authority which it claims would leave absolutely no incentive for any non-custodial parent to turn to the private bar for downward modification actions. See *Allen v. Ga. Dept. of Human Resources*, supra at 524 (2), fn. 7. Even the wealthiest parent of the richest child could simply turn to DHR, regardless of the absence of any previous involvement by that agency, and request legal representation. In the absence of an express statute comparable to OCGA §§ 19-11-6 (c) and 19-11-8 (b), DHR's authority to bring a downward modification action under OCGA § 19-11-12 is limited to cases in which there is a prior court order which establishes or enforces a child support obligation and which DHR participated in obtaining. Only then can DHR truly be said to have an interest in the order which is the subject of the modification action.

The burden of proving the interest necessary to demonstrate a particular party's standing is ordinarily placed on that party. See *In the Interest of M. H.*, 247 Ga. App. 84, 85 (543 SE2d 390) (2000); *State of Ga. v. Banks*, 215 Ga. App. 828, 832 (2) (452 SE2d 533) (1994). This is consistent with the statutory rule that "[t]he burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." OCGA § 24-4-1. Furthermore, " '"[t]he burden is on the appellant to show error by the record. . . . (Cits.)" (Cit.)' [Cit.]" *Malcolm v. State*, 263 Ga. 369, 371 (3) (434 SE2d 479) (1993). See also *Department of Human Resources v. Corbin*, 202 Ga. App. 10, 11 (413 SE2d 484) (1991) (quoted in *Malcolm*). There is no proof in the record that DHR is seeking to modify a prior order which it helped to obtain. Therefore, we find that DHR did not meet its burden of proving that it has standing to represent Father in this modification action. Accordingly, we affirm the trial court's denial of the petition to adopt the agency's

recommendation of a downward modification.
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003 —
RECONSIDERATION DENIED FEBRUARY 10, 2003.

*Michael H. Crawford, District Attorney, Anita D. Trotter, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellant.
*M. Steven Campbell, James N. Butterworth,* for appellees.