A03A0406. WHITE v. THE STATE.
(584 SE2d 5)

SMITH, Chief Judge.

Michael White was indicted on charges of murder, felony murder, and aggravated assault in April 1994. A jury found him guilty of the lesser included offense of voluntary manslaughter on each of the murder charges and guilty of aggravated assault. He was sentenced to 20 years to serve on each count, to run concurrently. He filed a motion for new trial on May 1, 1995. No ruling was made on the motion for new trial, and on August 29, 2002, White filed a pro se motion for an out-of-time appeal, which was denied on September 3, 2002. The motion for new trial was later denied, on October 11, 2002. White brings this pro se appeal, contending that the trial court erred in denying his motion for an out-of-time appeal. We do not agree and affirm the trial court's ruling.

White complains that following his conviction, trial counsel wrote to him requesting that he execute an affidavit of poverty, which would entitle him to a free transcript and an appeal without costs once executed. White claims that he told his trial counsel "personally" that he wanted to appeal and that he executed the affidavit properly, promptly returned it, and believed his appeal was proceeding. He alleges that he did not find out until July 2002 that no appeal had been taken. He claims that the denial of his motion for an out-of-time appeal was error because every defendant is entitled to an appeal as of right, and he was denied such an appeal solely because of his counsel's deficiency in failing to prosecute it, in violation of the holdings in *Webb v. State*, 254 Ga. 130 (327 SE2d 224) (1985), and *McAuliffe v. Rutledge*, 231 Ga. 745 (204 SE2d 141) (1974).

An "out-of-time appeal is the remedy for a frustrated right of

appeal." (Citation omitted.) *Rowland v. State*, 264 Ga. 872, 875 (452 SE2d 756) (1995). An out-of-time appeal is appropriate when

> the deficiency involves not the trial but the denial of the right of appeal. It serves as a remedy for a habeas corpus petitioner who suffered a constitutional deprivation as well as the criminal defendant who has shown "good and sufficient reason" to a trial court. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal.

(Citations, punctuation and footnote omitted.) Id.

To support his motion for an out-of-time appeal, a defendant is obligated to show the trial court "a good and sufficient reason" entitling him to an out-of-time appeal. *Wheeler v. State*, 269 Ga. 547, 548 (499 SE2d 629) (1998). To satisfy this burden, it must be shown that an appeal was not timely filed because of trial counsel's inadequate performance. In addition, the defendant must set forth the issues he or she would raise if the out-of-time appeal were granted and must show that these issues could be resolved by reference to facts in the record. Id.

Here, White alleged that he personally informed trial counsel that he wished to appeal and that trial counsel did not file an appeal. The trial court's order on the motion for new trial shows that counsel failed to ask for a rule nisi or follow up on the motion for new trial for more than five years, causing the trial court to deem the motion "abandoned or withdrawn." We cannot agree with the State that White did not carry this portion of his burden of proof.

Nevertheless, we agree with the State that the trial court did not err in denying White's motion for an out-of-time appeal. Here, as in *Wheeler*, White

> has alleged only that his attorney's inadequate performance was the reason why no timely appeal was filed; appellant has not set forth the questions he would raise in an out-of-time appeal and that the questions could be resolved by facts in the record. The trial court did not err when it denied the motion for [an] out-of-time appeal.

(Citation omitted.) Id.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED MAY 15, 2003 —
RECONSIDERATION DENIED JUNE 23, 2003 — 

Michael White, *pro se.*

*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney,* for appellee.

*James C. Bonner, Jr., Marcus C. Chamblee,* amici curiae.