S03G1535. WHITE v. THE STATE.
(594 SE2d 329)

THOMPSON, Justice.

Following a jury trial, White was convicted of voluntary manslaughter and aggravated assault and sentenced to 20 years. His trial counsel filed a motion for new trial which languished for seven years. Apparently unaware that his motion for new trial was still pending, White sought an out-of-time appeal, alleging he was denied his right of appeal due to the ineffectiveness of counsel. The trial court denied an out-of-time appeal without a hearing, and White filed a notice of appeal.[1] The Court of Appeals affirmed, ruling that White demonstrated his failure to appeal was due to ineffective counsel, but that he failed to show the issues he would raise on appeal could be resolved by reference to facts in the record. *White v. State*, 261 Ga. App. 866, 867 (584 SE2d 5) (2003). This Court issued a writ of certiorari to the Court of Appeals and posed this question:

---

[1] The trial court subsequently dismissed the motion for a new trial, declaring it had been abandoned.

Must a criminal defendant seeking an out-of-time appeal after being found guilty by a jury set forth the errors he would raise on appeal in addition to establishing that the loss of his right to a direct appeal was due to an attorney's inadequate performance?

Compare *Wheeler v. State*, 269 Ga. 547 (499 SE2d 629) (1998) and *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). See also *Roe v. Flores-Ortega*, 528 U. S. 470, 485 (120 SC 1029, 145 LE2d 985) (2000).

Because a direct appeal will not lie from a guilty plea unless the issue on appeal can be resolved by facts appearing in the record, a criminal defendant does not have an unqualified right to file a direct appeal from a conviction entered on a guilty plea. *Wheeler v. State*, supra at 548. However, a defendant does have an absolute right to file a direct appeal from a conviction entered after a jury or bench trial. *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). It follows that a defendant seeking an out-of-time appeal following a jury trial need only show that the procedural deficiency was due to counsel's failure to perform his duties. *Rowland v. State*, supra at 875-876; *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985). He need not point to the record and set out the issues he would raise on appeal. One whose right to appeal has been frustrated should not be treated differently from any other appellant; he should not be given an additional hurdle to clear just because his right to appeal was violated earlier. *Rodriquez v. United States*, 395 U. S. 327, 330 (89 SC 1715, 23 LE2d 340) (1969). "[I]t is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Roe v. Flores-Ortega*, supra at 486.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 8, 2004.

*Marcus C. Chamblee, James C. Bonner, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.