A04A0882. BOWERS v. THE STATE.
(599 SE2d 249)

BLACKBURN, Presiding Judge.

Following the denial of his motion for out-of-time appeal, Sean L. Bowers, acting pro se, appeals, arguing that: (1) he is entitled to an out-of-time appeal both because the trial court failed to make the determinations required by Uniform Superior Court Rules (USCR) 33.8 and 33.9 before accepting his guilty plea, and also because the untimeliness of his appeal was the result of ineffective assistance of counsel; and, (2) the trial court erred in failing to hold an evidentiary hearing prior to denying his motion. For the reasons that follow, we affirm.

1. Bowers maintains, on a number of grounds, that the trial court erred in denying his motion for out-of-time appeal. "The denial of a

---

motion for out-of-time appeal falls within the trial court's discretion, and we will not reverse the trial court's ruling absent an abuse of that discretion." *Simpson v. State.*[1]

> An out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.

(Citation omitted.) *Grantham v. State.*[2]

Bowers claims that the trial court failed to ascertain the factual basis for his plea, as required by USCR 33.9. He also asserts that the trial court did not inform him of either the minimum mandatory sentence he might receive or the nature of the charge to which he was pleading guilty as required by USCR 33.8. He argues that because each of these issues can be resolved by reference to the record, he has met the threshold burden of showing that he would be entitled to a direct appeal. We agree that these issues can be resolved by reference to the record; their resolution, however, is not in his favor.

First, the record shows, as the trial court specifically stated in its order, that the factual basis for the plea was laid out in the presentence report, which was incorporated into the sentencing transcript by reference. "The trial court was authorized to consider evidence outside of that presented at the plea hearing when determining whether a factual basis for the pleas existed." *Bess v. State.*[3] Based on the information in the presentence report, the trial court had sufficient information to determine, pursuant to USCR 33.9, that a factual basis existed for Bowers's guilty pleas to the charge of armed robbery. Id.

---

[1] *Simpson v. State*, 263 Ga. App. 467 (588 SE2d 291) (2003).

[2] *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997).

[3] *Bess v. State*, 235 Ga. App. 372, 374 (2) (508 SE2d 664) (1998).

As to Bowers's other claims of error, "[w]hile the requirements of USCR 33 are mandatory, the court need not specifically address each issue found in USCR 33.8. Instead, the State must show that the record as a whole demonstrates that [Bowers's] plea was knowing and voluntary." (Citations omitted.) *Raley v. State.*[4]

Bowers was charged with two counts of armed robbery,[5] kidnapping,[6] and two counts of possession of a firearm during the commission of a crime.[7] At his sentencing hearing, Bowers pled guilty to the two counts of armed robbery with the understanding that the other charges would be nolle prossed. He acknowledged that he had been over the waiver of rights form with his attorney, understood all of the questions, and answered all of the questions truthfully. Under further questioning by the judge, he stated that he understood that he had a right to continue with his not guilty plea and have his case tried by a jury, that under the constitution he was innocent until proven guilty, and that he had a right to confront witnesses appearing against him and to present evidence on his own behalf. In addition, he said that he understood that he could receive a sentence of 20 years on each of the counts of armed robbery.

The trial judge also asked Bowers whether he had been offered any benefits for or threatened into pleading guilty and whether he was making the plea freely and voluntarily. Finally, the trial judge asked Bowers's lawyer if he had advised his client of his constitutional rights and explained the consequences of entering a guilty plea. These facts indicate, and the trial court so found, that Bowers's plea was knowingly and voluntarily made.

Regarding Bowers's specific contention that he was not advised of the minimum mandatory sentence, the record shows that the trial judge, though he asked Bowers whether he understood that he could receive up to twenty years for each count of armed robbery, did not inform Bowers of the ten-year minimum sentence. However, the written plea agreement, which Bowers signed and the contents of which he indicated to the trial judge that he understood, sets out the minimum ten-year sentence. Bowers's signed acknowledgment of his understanding that he could receive a minimum sentence of ten years supports the trial court's finding that he understood the consequences of his plea. See *United States v. Jones*[8] ("[h]aving signed the plea agreement after receiving the assistance of counsel, the defendant was well aware that he was facing a mandatory minimum

---

[4] *Raley v. State*, 241 Ga. App. 713, 714 (1) (527 SE2d 590) (2000).
[5] OCGA § 16-8-41.
[6] OCGA § 16-5-40.
[7] OCGA § 16-11-106.
[8] *United States v. Jones*, 143 F3d 1417, 1420 (11th Cir. 1998).

sentence of fifteen years").

Finally, it is also clear that Bowers understood the nature of the charges against him. When questioned by the trial court, he acknowledged that he had been over the charges and reviewed the waiver of rights form with his attorney, and stated that he understood and answered truthfully all of the questions on the form. Further, he signed the form indicating that he knew and understood with what he was charged, and that he did, in fact, commit the offense of armed robbery. "The trial court was not required to explain the elements of the offenses, which were self-evident from their nomenclature." *Thompson v. State*.[9] The trial court did not err in finding that Bowers understood the nature of the charges against him.

Bowers next argues that, having established that he had a right to a direct appeal, he is entitled to an out-of-time appeal because a timely direct appeal was not taken as the result of ineffective assistance of counsel. He alleges as ineffective assistance his trial counsel's failure to inform him of his rights on appeal, and to take steps to protect those appeal rights. However, our review of the transcript of the sentencing hearing indicates that these issues cannot be resolved by reference to facts contained in the record; the issue of the effectiveness of his counsel can be developed only in the context of a post-plea hearing. *Grantham*, supra at 636. "Accordingly, it follows that the trial court correctly denied the motion for an out-of-time appeal and that [Bowers] must pursue a habeas corpus action as his remedy." Id.

2. Bowers next argues that the trial court erred in failing to hold an evidentiary hearing before denying his motion for out-of-time appeal. We disagree.

The cases cited by Bowers in support of his argument all involve defendants who were convicted by juries of their crimes. A defendant has "an absolute right to file a direct appeal from a conviction entered after a jury or bench trial." *White v. State*.[10] On the other hand, as explained above, "[b]ecause a direct appeal will not lie from a guilty plea unless the issue on appeal can be resolved by facts appearing in the record, a criminal defendant does not have an unqualified right to file a direct appeal from a conviction entered on a guilty plea." Id. Having pled guilty to two counts of armed robbery, Bowers had no right to an evidentiary hearing to determine whether he or his attorney "ultimately bore the responsibility for the failure to file a timely appeal." *Barnes v. State*.[11]

---

[9] *Thompson v. State*, 240 Ga. App. 539, 540 (1) (b) (524 SE2d 239) (1999).
[10] *White v. State*, 277 Ga. 647, 648 (594 SE2d 329) (2004).
[11] *Barnes v. State*, 243 Ga. App. 703, 704 (534 SE2d 440) (2000).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 5, 2004.

Sean L. Bowers, *pro se.*
Daniel J. Craig, *District Attorney,* Charles R. Sheppard, *Assistant District Attorney,* for appellee.