S04A1988. FALKENBERRY v. TAYLOR et al.
(607 SE2d 567)

CARLEY, Justice.

Thomas Falkenberry (Father) and Thelma Taylor (Mother) were divorced in 1994. In the final decree, Father was awarded custody of their minor child, and Mother was ordered to pay child support in the amount of $45 per week. In 2002, Father requested the Department of Human Resources (DHR) to review the order. OCGA § 19-11-12 (c). Although the child was not receiving public assistance, DHR recommended an increase of child support to $605 per month. Mother objected, and DHR filed a petition requesting that the trial court adopt the recommendation. OCGA § 19-11-12 (d). The trial court conducted a bench trial and denied the petition, finding that the evidence presented was inadequate to show any need for additional child support. The trial court also denied Father's motion for new trial, ruling that, under *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521, 523 (2) (423 SE2d 383) (1992), DHR is not authorized to file a modification action on behalf of a child not receiving public assistance unless it can show the child's need for additional support. We granted Father's application for discretionary appeal to consider whether it is still necessary to prove a need for an increase in child support payments, in light of the 2003 amendments to the Child Support Recovery Act (Act). OCGA § 19-11-1 et seq.

This Court's holding in *Allen* was based on the apparent legislative intent of former OCGA § 19-11-8 to "authorize DHR to pursue appropriate action to assure adequate support from the responsible parent of a minor child not receiving public assistance, in order to prevent the child's family from having to apply for public assistance." *Allen v. Ga. Dept. of Human Resources*, supra at 524 (2). See also *Dept. of Human Resources v. Allison*, 276 Ga. 175, 176 (575 SE2d 876) (2003). In the 2003 amendments to the Act, the General Assembly unambiguously broadened its intent, expressly permitting DHR to accept applications for child support services from non-custodial parents and to review, and even to seek downward modifications of, support awards under the provisions of the Act, including OCGA § 19-11-12. OCGA §§ 19-11-6 (e), 19-11-8 (c). Furthermore, OCGA §§ 19-11-6 and 19-11-8 must be read in conjunction with OCGA § 19-11-12, which "sets forth the review procedures to be followed by

DHR when reviewing for possible modification both administratively and judicially imposed child support orders. [Cit.]" *Ward v. Dept. of Human Resources*, 273 Ga. 52, 53 (2) (537 SE2d 70) (2000). As amended in 2003, that statute now requires DHR to review, upon written request of the obligor or obligee, "IV-D court orders for child support, as defined in paragraph (1) of Code Section 19-11-3, for possible modification. . . ." OCGA § 19-11-12 (c) (1). See also OCGA § 19-11-12 (b) (1). Under OCGA § 19-11-3 (1), every administratively or judicially imposed child support order "shall be deemed to be a IV-D order for purposes of" the Act. Accordingly, the Act simply does not contain any basis for continuing to distinguish between the procedure available where the child is receiving public assistance and that which is available in the absence of any such assistance.

The statute setting forth that unitary procedure now also explicitly abrogates the prior requirement that a need for increased child support be shown.

> If the request for the review occurs at least 36 months after the last issuance or last review, the requesting party shall *not* be required to demonstrate a substantial change in circumstances, *the need for additional support*, or that the needs of the child have decreased. The *sole* basis for a recommendation for a change in the award of support under this paragraph shall be a significant inconsistency between the existing child support order and the amount of child support which would result from the application of Code Section 19-6-15. (Emphasis supplied.)

OCGA § 19-11-12 (c) (3). See also OCGA § 19-11-12 (d) (2). Thus, when DHR petitions the superior court to adopt its recommendation, the court is not required to find a need for additional support but, without regard to whether the child is receiving public assistance, may increase child support based solely on a significant inconsistency between the existing order and the amount which would result from application of the child support guidelines. OCGA § 19-11-12 (e).

By express statutory amendment, the General Assembly no longer reserves for the private bar those modification actions which involve children who do not receive public assistance and "need no additional support, but whose court-ordered provider enjoys an enhanced financial status." (Emphasis omitted.) *Allen v. Ga. Dept. of Human Resources*, supra at 524 (2), fn. 7. Compare *Dept. of Human Resources v. Allison*, supra at 178. Therefore, the trial court erred in concluding that evidence of the need for additional support was necessary and that DHR lacked standing, and in failing to apply the

child support guidelines of OCGA § 19-6-15 and to justify any departure therefrom. Accordingly, the judgment of the trial court is reversed, and the case remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*William E. Cetti,* for appellant.

*Thurbert E. Baker, Attorney General, Mark J. Cicero, Assistant Attorney General, Steven M. Reilly, Charles G. Shrake, Byron M. G. Sanford,* for appellees.