302 Ga. 35
FINAL COPY

S17A0769. HOUSTON v. THE STATE.

NAHMIAS, Justice.

Appellant Thomas Houston challenges the trial court's order denying his motion for an out-of-time appeal from his 2008 convictions by guilty pleas to two murders and numerous other crimes in connection with a series of home invasions targeting Hispanic victims in Columbus. Pretermitting whether Appellant has shown a proper excuse for not filing a timely appeal, the record shows that he is not entitled to an out-of-time appeal. Accordingly, we affirm.

1. The home invasions began on February 16, 2007, and ended on the night of April 8, 2007, when Marcelo Rivera and 15-year-old Isaias Bartolon were shot to death. On October 21, 2008, a Muscogee County grand jury returned a 66-count indictment against Appellant and six other defendants, including Appellant's mother and his younger brother.[1]

---

[1] Appellant's co-defendant Raymond Baker proceeded to trial, and this Court affirmed his convictions. See Baker v. State, 293 Ga. 811 (750 SE2d 137) (2013).

At the start of a plea hearing on November 5, 2008, the State informed the trial court that Appellant, along with two co-defendants (Jeffery Miller and Reginald Hoskin) who were charged with participating in only one of the home invasions, had decided to enter negotiated guilty pleas. But Appellant then changed his mind and said that he wanted to go to trial. Appellant's trial was scheduled for the following week, and his counsel asked to be excused from the plea hearing. The court replied, "Why don't we let Mr. Houston sit through the pleas with the rest of them?" Appellant's counsel replied, "Yes, sir," and Appellant and his counsel remained in the courtroom. During the subsequent plea colloquies with Miller and Hoskin, the State questioned them about the home invasion involving those defendants, including some questions about Appellant's involvement in it. The court then accepted their guilty pleas, pronounced sentence on them, and asked, "Do you understand that you will — this sentence is tentative on your testimony to tell the truth on the stand in the upcoming trial?" Miller and Hoskin answered, "Yes, sir."

Appellant then changed his mind again and decided to accept the State's plea offer. The court questioned him carefully about whether he was sure of his decision to enter his guilty pleas. As part of that extended colloquy, the court

2

said:

> Do you understand if you enter his [sic] this plea, all appeals are off. There's no trial. We will get twelve people over here. They listen to the evidence. If they believe your version of it, you walk out a free man. If they don't, I'll sentence you on the guidelines for each one of these cases. Do you understand that?

Appellant said, "Yes."

The court ultimately accepted Appellant's guilty pleas and sentenced him to serve concurrent terms of life in prison for the two murders and concurrent terms of years on 13 counts of armed robbery, 19 counts of aggravated assault, seven counts of attempted armed robbery, and four counts of burglary. Six of the remaining counts were nolle prossed, and the rest were vacated or merged for sentencing purposes.

More than seven years later, on November 9, 2015, Appellant filed a pro se motion for an out-of-time appeal, which he amended on March 29, 2016. Appellant challenged the voluntariness of his guilty pleas based on alleged ineffective assistance of his plea counsel, coercion by the trial court, and other infirmities. On April 5, 2016, the trial court denied the motion without a hearing. Appellant filed a timely notice of appeal from that order.

2. Appellant claims that the trial court deprived him of his right to an

3

appeal by misinforming him at the plea hearing that "[i]f you enter . . . this plea, all appeals are off." Although the grounds for such an appeal are limited, a criminal defendant has a right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, so the trial court's statement that "all appeals are off" if Appellant pled guilty was erroneous. See Nazario v. State, 293 Ga. 480, 488-489 (746 SE2d 109) (2013) (discussing the availability of, and limitations on the scope of, a direct appeal from a guilty plea).

However, a defendant is entitled to a direct appeal from a conviction entered on a guilty plea "only to the extent that the issues presented on appeal can be resolved by reference to the existing record." Mims v. State, 299 Ga. 578, 580 (787 SE2d 237) (2016). See also Smith v. State, 253 Ga. 169, 169 (316 SE2d 757) (1984). Thus, where the claims that a defendant belatedly seeks to raise on appeal require factual development, an out-of-time appeal is unavailable, and his remedy, if any, is in habeas corpus. See Stephens v. State, 291 Ga. 837, 838 (733 SE2d 266) (2012). Moreover, if the claims that a defendant seeks to raise on appeal *can* be resolved by reference to facts in the existing record, he must show that the claims would be resolved in his favor or an out-of-time appeal is properly denied. See id. at 839. See also Grace v.

4

State, 295 Ga. 657, 659 (763 SE2d 461) (2014). In addition, before being entitled to an out-of-time appeal, a defendant must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal, which is usually done by showing that the delay was caused by his trial counsel's ineffective assistance in providing advice about or acting upon an appeal. See Stephens, 291 Ga. at 837-838. See also Grace, 295 Ga. at 658.

Pretermitting both whether the trial court's overbroad statement that "all appeals are off" was the reason that Appellant failed to file a timely appeal from his guilty pleas and whether this allegation was properly raised in the trial court, Appellant was not entitled to an out-of-time appeal. Appellant asserts that his guilty pleas were invalid on five grounds. To the extent that his claims can be resolved by reference to the existing record, the record refutes the claims. And to the extent that his claims require more factual development, Appellant must look for redress, if any, by way of a petition for habeas corpus rather than an out-of-time appeal.

Appellant contends first that the trial court's erroneous statement regarding the availability of an appeal rendered his guilty pleas involuntary. Appellant cites no authority for this proposition, and the fact that he may have

thought that he was waiving *more* rights than he actually did by entering his guilty pleas enhances rather than undermines the voluntariness of his pleas. Moreover, as the trial court found, Appellant

> executed a detailed, written waiver of his constitutional rights in [the trial] court; was advised by his attorney of those same rights just prior to the guilty plea hearing; was also present during a mass advisement by the [trial] court of those same rights just before his plea was taken; and was again individually and fully re-advised of his rights during the plea colloquy.

Appellant cannot show from the existing record that his guilty pleas were involuntary, so this claim provides no basis for an out-of-time appeal.

Appellant argues next that the trial court erred by improperly participating in the plea negotiations, by defying his unequivocal assertion of his right to proceed to trial, and by coercing him to plead guilty by requiring him to remain present while two of his co-defendants entered guilty pleas. But the transcript of the plea hearing shows that after Appellant's counsel asked to be excused before the hearing concluded, the court proposed having Appellant stay through the entry of his co-defendants' guilty pleas, and Appellant's counsel replied, "Yes, sir." Neither Appellant nor his counsel objected to the court's proposal, and Appellant identifies no authority requiring that co-defendants be

6

sequestered during plea colloquies or sentencing. See <u>Johnson v. State</u>, 275 Ga. 538, 539 (570 SE2d 289) (2002) (concluding that a defendant's guilty pleas were knowing, voluntary, and intelligent despite his claim that his attorney coerced him into entering the pleas by making him watch the sentencing of his accomplice). Moreover, when Appellant then changed his mind and decided to accept the State's plea offer (which is what he had come to the plea hearing to do in the first place), the court told him: "You're entitled to trial. We have jurors. We'll give you a trial. . . . We'll give you a trial if you want a trial." Appellant replied, "No, I'll go ahead and plead out." As part of the ensuing colloquy, the court asked Appellant, "Has anybody threatened you or coerced you in any way at all . . . to enter this plea?" and Appellant answered, "No." The existing record therefore refutes these claims, so Appellant was not entitled to an out-of-time appeal in order to raise them.

Appellant also maintains that the trial court violated the Sixth Amendment by not allowing him to confront and cross-examine Miller and Hoskin, but this claim again can be resolved against Appellant by reference to the existing record. Miller and Hoskin gave testimony during their own plea colloquies; at that point, Appellant's trial was scheduled for the following week. He did not

7

have the right to confront his co-defendants during their plea hearing, although he would have had that right at his trial the next week had he not entered his guilty pleas — a point that the transcript shows the court explicitly advised him of before he entered his own guilty pleas. See State v. Lucious, 271 Ga. 361, 364 (518 SE2d 677) (1999) ("The right to confrontation is a 'trial right,' guaranteeing a defendant the ability to confront and question adverse witnesses at trial." (citations omitted)).

Finally, Appellant asserts that the existing record shows that the trial court erred in failing to merge seven counts of criminal attempt to commit armed robbery (Counts 22, 23, 26, and 54-57) with the 13 counts of completed armed robberies (Counts 1-4, 14-16, 38-42, and 53). See OCGA § 16-4-2 ("A person . . . may not be convicted of both the criminal attempt and the completed crime."). However, a review of the indictment reveals that Appellant's seven attempted armed robbery convictions involved different victims than his 13 completed armed robberies. Appellant victimized 20 separate individuals and thus he was properly convicted and sentenced on each of the 20 counts. See Jones v. State, 301 Ga. 1, 7 (799 SE2d 196) (2017). This claim too can be resolved against Appellant based on the existing record.

For these reasons, the trial court did not err in denying Appellant's motion for an out-of-time appeal.

Judgment affirmed.  All the Justices concur.

Decided September 13, 2017.

Murder. Muscogee Superior Court. Before Judge Peters.

Thomas Houston, <u>pro se</u>.

<u>Julia F. Slater, District Attorney, Matthew J. Landreau, Assistant District Attorney, Charles A. Spahos, District Attorney pro tempore, Gary D. Bergman, Shelia A. Ross, Assistant District Attorneys pro tempore; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General</u>, for appellee.