2007-NMCA-134

168 P.3d 768

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Jesus JANZEN and Mayra Marquez, Defendants–Appellees.**

No. 27,174.

Court of Appeals of New Mexico.

Aug. 22, 2007.

Gary K. King, Attorney General, Santa Fe, NM, Joel Jacobsen, Assistant Attorney General, Albuquerque, NM, for Appellant.

Hank Farrah, Albuquerque, NM, for Appellees.

## OPINION

PICKARD, Judge.

{1} The State appeals the district court's order granting Defendants' motion to suppress evidence obtained as result of a search of Defendants' home. Below, the district court concluded that the warrantless search of Defendants' home was illegal under *Georgia v. Randolph*, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006). On appeal, the State raises a number of arguments as to how the district court erred in its application of *Randolph* and its decision to grant Defendants' motion to suppress. We hold that the State failed to properly preserve its arguments below and therefore affirm the district court's order granting Defendants' motion to suppress.

## BACKGROUND

{2} On December 29, 2005, Officer Steven Flores of the Belen Police Department received a tip that a male subject was selling marijuana from a certain trailer. Officer Flores subsequently learned that the male

subject was Defendant Janzen and he went to Defendant Janzen's home to talk to him.

{3} When Officer Flores arrived at the house, Defendant Janzen was present along with Defendant Marquez and other family members. Officer Flores believed that Defendants Janzen and Marquez were married. When confronted with the information obtained from the tip, Defendant Janzen denied that he was selling drugs. Officer Flores then asked Defendants if he could search the house. Both Defendants told Officer Flores that he would need a search warrant if he wanted to search their home.

{4} As Officer Flores started to leave the scene, he was called back by another officer who told him to speak to Defendant Janzen. Defendant Janzen told Officer Flores that he had changed his mind and that he consented to a search of the residence. Defendant Janzen then told Officer Flores where marijuana was hidden throughout the residence. Officer Flores found some sixty pounds of marijuana. Officer Flores testified that at no time did Defendant Marquez express her consent to the search.

{5} Before trial, Defendants filed a joint motion to suppress, arguing that under *Randolph*, the refusal of a co-tenant to the search of a residence renders the entire search illegal. The district court agreed with Defendants and granted the motion to suppress. This appeal follows.

## STANDARD OF REVIEW

{6} "An appeal of a suppression motion involves a mixed question of fact and law." *State v. Gerald B.*, 2006–NMCA–022, ¶ 13, 139 N.M. 113, 129 P.3d 149. On appeal, we will defer to the district court's findings of fact, provided that such findings are supported by substantial evidence. *State v. Jason L.*, 2000–NMSC–018, ¶ 10, 129 N.M. 119, 2 P.3d 856. We "review the application of the law to these facts . . . under a de novo standard of review." *State v. Patterson*, 2006–NMCA–037, ¶ 13, 139 N.M. 322, 131 P.3d 1286.

## DISCUSSION

{7} In *Randolph*, the defendant's wife, who had recently moved back into the marital home, called the police to report a domestic dispute. 547 U.S. at 106–07, 126 S.Ct. 1515. When the police officers arrived, the defendant's wife "told them that her husband was a cocaine user whose habit had caused financial troubles." *Id.* at 107, 126 S.Ct. 1515. Shortly thereafter, the defendant returned to the house and denied his wife's accusations. *Id.* The defendant's wife continued to air her complaints about the defendant and further volunteered that there was evidence of drug use in the house. *Id.* At this point, police officers asked the defendant for permission to search the house, which he refused. *Id.* The officers then asked defendant's wife for permission to search the house, "which she readily gave." *Id.* Officers searched the house and found evidence of drug use. *Id.* The defendant was subsequently indicted for possession of cocaine. *Id.*

{8} The Supreme Court granted certiorari in *Randolph* "to resolve a split of authority on whether one occupant may give law enforcement effective consent to search shared premises, as against a co-tenant who is present and states a refusal to permit the search." *Id.* at 108, 126 S.Ct. 1515. The Court ultimately held "that a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Id.* at 115, 126 S.Ct. 1515. As such, the Court ruled in favor of the defendant, concluding that the evidence obtained as a result of the search should be suppressed. *Id.* at 108, 126 S.Ct. 1515.

{9} At the suppression hearing in the present case, Defendants argued that the search of Defendants' home over the objection of Defendant Marquez was illegal under *Randolph*. In response, the State argued that *Randolph*, which had been decided during the pendency of the case, should not be given retroactive application. The State further argued that the search was a "valid consent search." Additionally, the State maintained that it did not matter that Defendant Marquez did not consent because Defendant Janzen controlled the household and,

as we understand the State's argument below, that Defendant Marquez therefore did not have standing to object to the search. As such, the State maintained that the search was valid. The district court disagreed with the State's assertion that *Randolph* did not apply to the case. The court further concluded that the search was illegal and that the evidence obtained as a result of the search should be suppressed.

{10} The State raises four arguments on appeal: (1) that Defendant Janzen cannot challenge the search because he consented to it; (2) that there was no search for Fourth Amendment purposes; (3) that *Randolph* is inapplicable because Defendant Marquez did not reaffirm her lack of consent to the search; and (4) that the drugs would have been inevitably discovered. We hold that the State failed to preserve any of these arguments below, and we therefore affirm the district court's order suppressing the evidence.

{11} Rule 12–216(A) NMRA provides that in order "[t]o preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked." As recognized by our Court, "[t]he rule serves many purposes: it provides the lower court an opportunity to correct any mistake, it provides the opposing party a fair opportunity to show why the court should rule in its favor, and it creates a record from which this Court may make informed decisions." *State v. Joanna V.*, 2003–NMCA–100, ¶ 7, 134 N.M. 232, 75 P.3d 832, *aff'd*, 2004–NMSC–024, 136 N.M. 40, 94 P.3d 783; *see State v. Gomez*, 1997–NMSC–006, ¶ 29, 122 N.M. 777, 932 P.2d 1. "In order to preserve an issue for appeal, it is essential that a party must make a timely objection that specifically apprises the trial court of the claimed error and invokes an intelligent ruling thereon." *State v. Jacobs*, 2000–NMSC–026, ¶ 12, 129 N.M. 448, 10 P.3d 127. In the present case, while the State may have a number of different theories as to why the evidence should not be suppressed, in order to preserve its arguments for appeal, the State must have alerted the district court as to which theories it was relying on in support of its argument in order to allow the district court to make a ruling thereon. *See State v. Harrison*, 2000–NMSC–022, ¶ 27, 129 N.M. 328, 7 P.3d 478; *State v. Elliott*, 2001–NMCA–108, ¶ 21, 131 N.M. 390, 37 P.3d 107.

{12} The State first argues that, according to *Randolph*, where one co-tenant refuses consent to a search and another co-tenant consents to a search, the resulting search will only be illegal as to the non-consenting co-tenant. As such, because Defendant Janzen consented to the search, he cannot challenge the legality of the search. Case law from other jurisdictions provides some support for the State's argument. *See, e.g., Valle v. State*, 282 Ga.App. 223, 638 S.E.2d 394, 397 (2006) (holding that, under *Randolph*, a co-tenant's refusal to permit a search renders the search invalid as to him, but does not render the search invalid as to a co-tenant who validly consents); *State v. Walker*, 136 Wash.2d 678, 965 P.2d 1079, 1083 (1998) (en banc) (holding in a pre-*Randolph* case that a wife's valid consent to a search meant that she could not challenge the legality of the search on appeal, even where her husband, who was present, was not asked if he consented). However, we disagree that this argument was preserved below.

{13} The State asserts that its arguments below that the search was a "valid consent search" and that Defendant Marquez did not have standing to object to the search because Defendant Janzen controlled the premises were sufficient to preserve the argument that the search was valid as to Defendant Janzen. We do not believe that the State's arguments below fairly apprised the district court of a possible waiver or standing argument as to Defendant Janzen. As such, it does not appear that this argument was properly preserved. *See State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct.App. 1986) ("The court had no opportunity to consider the merits of, or to rule intelligently on, the argument defendant now puts before us.").

{14} Moreover, we disagree with the State's claim that because *Randolph* was relatively new at the time of the hearing and because the prosecutor did not fully understand the basis of Defendants' argument, the

State's failure to properly preserve the issue is somehow excused. We observe that Defendants filed their motion to suppress some three months before the suppression hearing. The motion made clear that Defendants would rely heavily on *Randolph* in arguing that the evidence should be suppressed. Defendants provided sufficient notice of their arguments, and the State certainly had adequate time to review *Randolph* and develop an argument in response. We therefore disagree with the State's assertion that we should somehow relax our preservation rules in the present case due to prosecutorial ignorance. Thus, we decline to address the State's argument that the search was valid as to Defendant Janzen.

{15} The State next argues that there was no search because Defendant Janzen showed police officers where the drugs were hidden. Once again, we conclude that the State did not preserve this argument below.

{16} The State maintains that this argument is preserved by statements made by the district court while it rendered its decision. While delivering its oral decision, the district court stated

[t]hat is why I was asking very closely, this is where it becomes a little more interesting, I think, although I won't decide for the record, I honestly think if the police officer had, if-this is where it gets a little interesting-if Mr. Janzen had actually pulled the suitcase out from under the bed, like he pulled the bags out from the freezer, it would have been an interesting question as to whether there was a search at all. In which case he would have been just handing the contraband to the police officers. There would have been no search, [it would have been] basically handing over the contraband.

But having the officer go under the bed and pull out the stuff, I think there's enough indicia of a search, and so I'm going to find that there was a search . . . and . . . the search was an illegal search[.]

We disagree that the district court's own musings were sufficient to preserve the issue raised by the State on appeal. While the court itself observed that the question of whether a search actually occurred was an interesting question, the State did not, either before or after the court's decision, alert the court to the fact that it was contesting the issue or that the district court otherwise erred in concluding that it was a non-issue. *See Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1 ("We require parties to assert the legal principle upon which their claims are based and to develop the facts in the trial court . . . to alert the trial court to a claim of error so that it has an opportunity to correct any mistake[.]"). Moreover, the district court's musings, even if construed as properly preserving the issue, did not allow Defendants an opportunity to respond, perhaps introduce additional evidence, and argue why they believed a search had occurred. *See id.* ("We require parties to assert the legal principle upon which their claims are based and to develop the facts in the trial court . . . to give the opposing party a fair opportunity to respond and show why the court should rule against the objector."). As such, we conclude that the State did not preserve this argument.

{17} The State next argues that because "Defendant Marquez was not standing in the door and expressly refusing consent at the time Officer Flores re-entered the trailer," Defendant Janzen's consent was valid to justify the search. Notably, the State did not argue below that Defendant Marquez was required to reaffirm her lack of consent to the search, and additionally we observe that there was no factual development as to Defendant Marquez's whereabouts at the time that Defendant Janzen consented to the search. Thus, as with the previous issues raised by the State, we do not believe that this argument was preserved below.

{18} Similarly, we conclude that the State's remaining argument, that the drugs would have inevitably been discovered, was not preserved below. Indeed, the State admits as much in its brief, and again this is an issue on which Defendants could have offered additional evidence had it been preserved. As such, we do not address this issue on appeal. *See Lucero*, 104 N.M. at 590, 725 P.2d at 269.

## CONCLUSION

{19} We affirm the district court's order granting Defendants' motion to suppress.

{20} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and MICHAEL D. BUSTAMANTE, Judges.