This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**NO. 31,749**

**DANIEL PADILLA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Robert J. Blanch, Assistant District Attorney
Bernalillo, NM

for Appellant

Roman R. Romero
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

The State appeals from an order granting a motion to suppress. We issued a notice of proposed summary disposition, proposing to affirm. The State has filed a memorandum in opposition, and Defendant has filed a memorandum in support. After due consideration, we remain unpersuaded by the State's assertion of error. We therefore affirm.

The suppression order relates to a traffic stop, the validity of which Defendant successfully challenged below. We will not reiterate at length here. Suffice to say, officers initiated the stop based upon their suspicion that a third party, Tafoya, who had allegedly committed an assault earlier that day, might be found in the vehicle. [DS 6; MIO 4; RP 73] Ultimately, their suspicion proved unfounded. [DS 7; MIO 4; RP 73]

As we observed in the notice of proposed summary disposition, the only reported decision in this state that might arguably supply support for such a stop is *State v. Funderburg*, 2007-NMCA-021, ¶ 8, 141 N.M. 139, 151 P.3d 911, *rev'd on other grounds*, 2008-NMSC-026, 144 N.M. 37, 183 P.3d 922. *Funderburg* may stand as authority for the abstract proposition that a traffic stop may be initiated based on information that the vehicle contains an individual who reportedly committed a crime earlier that day. *Id.* However, the specific facts presented in *Funderburg* are vastly different from this case. The traffic stop in *Funderburg* was based on information

supplied by an eyewitness who affirmatively stated that the individual who had committed the crime earlier that day was leaving the casino "at that moment" in a dark-colored sedan. *Id.* ¶ 8. The officer responded "immediately," and stopped the only dark-colored sedan that was exiting the property at that time. *Id.* By contrast, there was no eyewitness to report that Tafoya was leaving in Defendant's vehicle in this case. We remain of the opinion that the absence of specific, timely, reliable information about Tafoya's presence within Defendant's vehicle renders *Funderburg* so distinguishable from the present case that it does not support the stop of Defendant's vehicle.

In its memorandum in opposition, the State continues to argue that the officers had a reasonable basis for believing that Tafoya was in the vehicle. [MIO 6-7] However, as we previously observed, the only objective basis for the officers' belief that Tafoya could be found in the vehicle was a statement, given hours earlier, that Tafoya had left the scene with Defendant, together with uncooperative behavior on the part of individuals at Defendant's residence. Based on this information, the officers surmised that Tafoya had taken refuge in Defendant's home. They then kept the house under surveillance, and when they saw a vehicle departing hours later, the officers conjectured that Tafoya might be in it. As previously stated, this scenario entails far too much surmise and conjecture to support a reasonable suspicion. *See*

*generally State v. Ochoa*, 2009-NMCA-002, ¶ 37, 146 N.M. 32, 206 P.3d 143 ("The purpose of our objective reasonable suspicion . . . requirement is to prevent officers from arbitrarily acting on whims or unsupported hunches, because that is constitutionally unreasonable.").

Alternatively, the State now suggests that the traffic stop was permissible to the extent that the officers sought to obtain information from Defendant as a witness to Tafoya's crime. [MIO 8-10]   Because we find no indication in either the record proper or the submissions to this Court that the State advanced this argument below, we decline to consider it. *See State v. Rivas*,  2007-NMCA-020, ¶ 14, 141 N.M. 87, 150 P.3d 1037 (declining to consider out-of-state authority for the proposition that "a person, not himself suspected of any crime, could be properly detained as a witness to the crimes of another person," where, among other things, there was no testimony at the suppression hearing that the detention of the defendant was motivated by his status as a potential witness to the offenses of another).   We are unwilling to consider the State's final argument, that the traffic stop should be deemed permissible under a multi-factored "general reasonableness" test, [MIO 11] for the same reason. *See generally State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 (observing that, "while the State may have a number of different theories as to why the evidence should not be suppressed, in order to preserve its arguments for appeal,

4

the State must have alerted the district court as to which theories it was relying on in support of its argument in order to allow the district court to make a ruling thereon").

Accordingly, we affirm for the reasons stated above and in our notice of proposed summary disposition.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**

5