This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 35,669**

**ROBERT CHARLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Pursuant to a conditional plea agreement, Defendant appeals from his convictions of possession of dangerous drugs (Promethazine), a fourth degree felony, and possession of a controlled substance (Tramadol), a misdemeanor. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.

{2}     In his memorandum in opposition, Defendant appears to argue that the investigating officer lacked reasonable suspicion to detain Defendant because he was investigating an anonymous tip without sufficient corroboration. [MIO 7] Our review of the record proper reveals that this issue was not preserved below. [RP 54-55, 71-73] As such, we will not address it for the first time on appeal. *See State v. Martinez*, 2010-NMCA-051, ¶ 17, 148 N.M. 262, 233 P.3d 791 (refusing to address for the first time on appeal "the reliability of [an] informant's information").

{3}     Defendant further argues that any reasonable suspicion that may have initially justified the investigatory detention had dissipated by the time the officer asked Defendant to step out of the vehicle because the officer did not observe any incriminating behavior or open containers upon approaching the vehicle. [MIO 7-9] "An officer who makes a valid investigatory stop may briefly detain those he suspects of criminal activity to verify or quell that suspicion. The scope of activities during an

investigatory detention must be reasonably related to the circumstances that initially justified the stop." *State v. Werner*, 1994-NMSC-025, ¶ 13, 117 N.M. 315, 871 P.2d 971 (citation omitted). Here, the officer was investigating a potential violation of Section 5-1-5 of the Farmington Municipal Code, which prohibits the consumption of alcohol "upon any parking lot . . . which is privately owned and used by the public." Specifically, the officer was dispatched to investigate a report that a male individual was consuming alcohol in a vehicle upon a Wal-Mart parking lot. [MIO 1; DS 2] In the docketing statement, Defendant acknowledged that he was detained while the officer searched the vehicle for open alcohol containers pursuant to the driver's consent. [DS 2-3] Defendant did not claim, and does not claim in the memorandum in opposition, that his detention extended beyond the time it took the officer to complete this search. We hold that the search of the vehicle was "reasonably related to the circumstances that initially justified the stop" and that Defendant's detention was no longer than necessary for the officer "to verify or quell" his valid suspicion. *Werner*, 1994-NMSC-025, ¶ 13. Therefore, we affirm.

**{4}** With regard to Defendant's second challenge on appeal—that the district court erred in holding that the pat-down search of his person was justified—in the memorandum in opposition, Defendant reiterates his position that the officer lacked reasonable suspicion that Defendant was armed and presently dangerous. [MIO 9-13]

3

Under the applicable standard of review, we must view "the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. Therefore, we decline Defendant's numerous invitations to view the facts in a light favorable to him. [MIO 11-12] For the reasons stated in our calendar notice, we affirm.

{5}     With regard to Defendant's last challenge on appeal—that the district court erred in holding that the searching officer was justified in taking the glass pipe out of his pocket—in the memorandum in opposition, Defendant concedes that he did not expressly preserve this issue for appellate review. [MIO 13] *See State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 (requiring preservation of different theories relevant to the suppression of evidence). In any event, we remain unpersuaded on the merits. Once again, Defendant invites us to view the facts in a light that favors reversal, which is something we cannot do. [MIO 14] *Cline*, 1998-NMCA-154, ¶ 6. Therefore, and for the reasons stated in our calendar notice, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**STEPHEN G. FRENCH, Judge**