This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                      **No. A-1-CA-35515**

**DEAN WILSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Hector H. Balderas, Attorney General
Eran Sharon, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

{1}    Pursuant to a conditional guilty plea, Defendant Dean Wilson appeals the district court's denial of his motion to suppress evidence seized from his vehicle following a traffic stop. On appeal, Defendant argues that (1) the stop was not justified at its inception, (2) any justification for the stop dissipated prior to his interaction with law enforcement, (3) the scope of the stop was unlawfully expanded, and, accordingly, (4) his consent to search his vehicle was tainted by the prior illegality. Additionally, Defendant asserts that he received ineffective assistance because trial counsel failed to file a motion to suppress on the grounds that the traffic stop was pretextual. We conclude that Defendant failed to preserve his two arguments pertaining to the justification of the stop. We hold that the scope of the stop was lawfully expanded, and, as such, no illegality tainted Defendant's consent to search his vehicle. We also conclude that Defendant has not made a prima facie showing of ineffective assistance of counsel. We therefore affirm.

**BACKGROUND**

{2}    Officer Brian Johnston of the Farmington Police Department was the only witness to testify at the suppression hearing. We discuss the details of Officer Johnston's testimony as needed in our analysis. In sum, Officer Johnston testified that he stopped Defendant because of an illegible license plate and ultimately expanded the scope of the stop based on Defendant's behaviors to include a request to search Defendant's vehicle for narcotics. The search yielded a plastic baggie

containing methamphetamine and a glass pipe. Defendant filed a motion to suppress this evidence, arguing that Officer Johnston unlawfully expanded the scope of the stop.

{3} At the beginning of the suppression hearing, defense counsel specifically stated that the issues before the district court were limited to "the expansion of the stop and possibly the consent issue." The State then informed the court that it was tailoring its presentation of the evidence to those issues. Consequently, the focus of the testimony that the State elicited from Officer Johnston was on the interaction between the officer and Defendant—not on the initial reason for the stop. The State moved to admit into evidence the video captured by Officer Johnston's lapel camera and explicitly stated that, based on defense counsel's representations regarding the issue before the court, the State was not seeking to move into evidence Officer Johnston's dash-cam video. Defense counsel made no objection. On cross-examination, defense counsel did not ask Officer Johnston any questions pertaining to the initial stop of Defendant. At the end of the hearing, defense counsel focused her argument on Officer Johnston's expansion of the scope of the stop. Counsel never asserted that Defendant was taking issue with the initial justification of the stop, or whether that justification dissipated prior to Officer Johnston interacting with Defendant.

{4} The district court denied the motion to suppress, concluding that: (1) "Officer Johnston had reasonable suspicion to stop . . . Defendant's vehicle because the license plate was illegible[,]" (2) "Officer Johnston had reasonable and articulable suspicion to expand the initial scope of the traffic stop," and (3) "Defendant gave lawful consent for his vehicle to be searched." In support of its denial of Defendant's motion, the district court found, in relevant part, that: (1) "Defendant appeared abnormally nervous based on Officer Johnston's training and experience[,]" (2) "Officer Johnston was concerned Defendant might be on some type of medication or narcotics[,]" and (3) "Officer Johnston was concerned about . . . Defendant's ability to safely operate a motor vehicle."

{5} Defendant conditionally pleaded guilty to one count of possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23(E) (2011), reserving the right to appeal the denial of his motion to suppress.

**DISCUSSION**

**I. The Motion to Suppress**

**A. Defendant Did Not Preserve His Arguments Pertaining to the Justification of the Stop**

{6} Defendant makes two arguments regarding his initial traffic stop, neither of which he raised before the district court. First, Defendant asserts that the State "failed to establish that the stop of [Defendant's] vehicle was justified at its inception." Second, Defendant argues that "[e]ven if the stop itself was justified,

4

once the vehicle stopped and Officer Johnston saw that the license plate letters were legible, the justification for the stop dissipated, rendering [Defendant's] continued detention and Officer Johnston's investigation illegal."

{7}    Although the State has not raised preservation, we raise it sua sponte because the record is wholly inadequate to address Defendant's claims. *See State v. Wilson*, 1994-NMSC-009, ¶ 12, 116 N.M. 793, 867 P.2d 1175 (noting that an insufficient factual basis precludes appellate review). These deficiencies in the record are not the fault of the State, as Defendant argues, but result from Defendant's failure to raise the issues before the district court. As set forth above, defense counsel expressly told the district court—more than once—that the only issues were whether Officer Johnston illegally expanded the scope of the stop and Defendant's consent to search. As such, the State had no reason to establish facts showing that the initial stop was justified or that the reason for the stop had not dissipated prior to Officer Johnston's contact with Defendant. *See State v. De Jesus-Santibanez*, 1995-NMCA-017, ¶ 10, 119 N.M. 578, 893 P.2d 474 ("Our recent cases have refused to consider contentions raised for the first time on appeal when the failure to raise those contentions in the [district] court has deprived the prevailing party of an opportunity to develop facts that might bear on the contentions."); *see also State v. Gomez*, 1997-NMSC-006, ¶ 29, 122 N.M. 777, 932 P.2d 1 ("We require parties to assert the legal principle upon which their claims are

5

based and to develop the facts in the [district] court . . . to give the opposing party a fair opportunity to respond and show why the court should rule against the objector.").

{8}     That the district court may have gratuitously concluded in its order denying Defendant's motion to suppress that the initial stop was supported by reasonable suspicion is of no import. *See State v. Janzen*, 2007-NMCA-134, ¶ 16, 142 N.M. 638, 168 P.3d 768 (holding that district court's "musings" were insufficient to preserve the issue when "the [s]tate did not, either before or after the court's decision, alert the court to the fact that it was contesting the issue"); *see also, e.g.*, *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the [district] court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Accordingly, the issues pertaining to the justification of the stop have not been preserved, and we decline to consider them for the first time on appeal.

**B.     The District Court Did Not Err in Concluding That Reasonable Suspicion Justified the Expansion of the Scope of the Stop and That Defendant's Consent Was Not Tainted**

{9}     Defendant argues that the district court erred in determining that reasonable suspicion existed to expand the scope of the traffic stop. On appeal, as in the district court, Defendant relies on both the Fourth Amendment to the United States

6

Constitution and Article II, Section 10 of the New Mexico Constitution. As such, Defendant has properly preserved his state constitutional argument. *See State v. Leyva*, 2011-NMSC-009, ¶ 50, 149 N.M. 435, 250 P.3d 861 (stating the defendant properly preserved his constitutional claim by pleading that his rights under Article II, Section 10 had been violated and developing a factual record). Because Article II, Section 10 provides greater protections than the Fourth Amendment when law enforcement officers expand the scope of an investigation beyond that which initially justified a stop, *see id.* ¶ 55, we need only analyze Defendant's claims under our Constitution. *State v. Olson*, 2012-NMSC-035, ¶ 10, 285 P.3d 1066.

{10}     "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Martinez*, 2018-NMSC-007, ¶ 8, 410 P.3d 186 (internal quotation marks and citation omitted). "First, we look for substantial evidence to support the district court's factual finding, with deference to the district court's review of the testimony and other evidence presented." *Id.* (alteration, internal quotation marks and citation omitted). "We then review the application of the law to those facts, making a de novo determination of the constitutional reasonableness of the search or seizure." *Id.* (internal quotation marks and citation omitted). "The burden to show reasonableness is on the [s]tate." *Leyva*, 2011-NMSC-009, ¶ 30. "Our review of a district court's determination of whether reasonable suspicion existed is de novo based on the totality of the circumstances." *Id.*; *see*

7

*also id.* ¶ 57 (applying the same standard regardless of whether our review is undertaken pursuant to the Fourth Amendment or Article II, Section 10).

{11} Under Article II, Section 10, an officer can ask questions unrelated to the reason for the initial stop if, among other things, the questions are "supported by independent reasonable suspicion[.]" *Leyva*, 2011-NMSC-009, ¶ 55. "Reasonable suspicion is a commonsense, nontechnical conception, which requires that officers articulate a reason, beyond a mere hunch, for their belief that an individual has committed a criminal act." *Olson*, 2012-NMSC-035, ¶ 13 (alterations, internal quotation marks, and citation omitted). "In analyzing whether an officer has reasonable suspicion, the [district] court must look at the totality of the circumstances, and in doing so it may consider the officer's experience and specialized training to make inferences and deductions from the cumulative information available to the officer." *Martinez*, 2018-NMSC-007, ¶ 10 (internal quotation marks and citation omitted). "An appellate court must indulge in all reasonable inferences in support of the district court's decision and disregard all inferences or evidence to the contrary." *Id.* ¶ 15 (alteration, internal quotation marks, and citation omitted).

{12} Defendant first argues that the district court erred when it found that Defendant appeared abnormally nervous. Officer Johnston testified that, upon contact with Defendant, he immediately noticed that Defendant was exhibiting

8

several nervous behaviors: extremely fast breathing, shaky hands, crackling voice, tapping feet, clenched fists, an inability to maintain eye contact, and an inability to sit still. Officer Johnston further testified that Defendant was abnormally nervous for a routine traffic stop. Based on his training and experience, which included training in drug recognition, Defendant's behavior led Officer Johnston to believe that Defendant may have been on some type of medication or narcotic, making him unfit to drive. Giving proper deference to the officer's training and experience, we determine that the district court's finding of abnormal nervousness is supported by substantial evidence. *See Leyva*, 2011-NMSC-009, ¶ 23 ("Courts defer to the training and experience of the officer when determining whether particularized and objective indicia of criminal activity existed." (internal quotation marks and citation omitted)); *see also Martinez*, 2018-NMSC-007, ¶ 15 ("Factfinding frequently involves selecting which inferences to draw." (internal quotation marks and citation omitted)).

**{13}** In addition, Defendant challenges the district court's specific finding that he "never established eye contact with . . . Officer Johnston[.]" Officer Johnston testified that Defendant was "unable to *maintain* eye contact." (Emphasis added.) Further, the lapel camera recording shows that Defendant looked toward Officer Johnston at various points during the encounter. Consequently, the evidence does not support the district court's specific finding that Defendant *never* established

9

eye contact with the officer. This, however, does not affect our earlier determination that substantial evidence supported the district court's finding regarding Defendant's overall abnormal nervousness, nor does it undercut our conclusion that the scope of the stop was lawfully expanded.

{14}     Defendant next argues that his nervous behavior was insufficient to support reasonable suspicion to expand the scope of the stop into a drug investigation. While nervousness *alone* may be insufficient to form the basis of reasonable suspicion, we must look at the totality of the circumstances and avoid reweighing individual factors in isolation. *See State v. Neal*, 2007-NMSC-043, ¶ 29, 142 N.M. 176, 164 P.3d 57; *Martinez*, 2018-NMSC-007, ¶ 12. In this case, Officer Johnston's actions were based on more than mere nervousness and "represent[ed] a graduated response to the evolving nature of the stop." *State v. Funderburg*, 2008-NMSC-026, ¶ 28, 144 N.M. 37, 183 P.3d 922; *see also State v. Gutierrez*, 2008-NMCA-015, ¶ 22, 143 N.M. 522, 177 P.3d 1096 ("[W]hen dealing with a nervous subject . . . , law enforcement officers should endeavor to proceed incrementally.").

{15}     Upon approaching Defendant's vehicle, Officer Johnston immediately observed Defendant's abnormally nervous demeanor as described above. Based on his training and experience, Officer Johnston believed that Defendant might be under the influence of medications or a narcotic. This led Officer Johnston to ask Defendant whether he was on any medications and to request that Defendant step

out of his vehicle. When Defendant did so, Defendant's truck began to roll because he had neglected to place the vehicle in park. At the same time, Officer Johnston saw a small clear plastic baggie on the floorboard of the driver's side. Both of these facts provided further support for Officer Johnston's belief that that Defendant may have been operating his vehicle under the influence of a narcotic. Officer Johnston then asked Defendant whether he was under the influence of any narcotic. Defendant responded that he was not, but then admitted to occasional methamphetamine use. Officer Johnston's training and experience led him to believe that Defendant's behavior was indicative of recent consumption of methamphetamine. Only then did Officer Johnston request consent to search the vehicle, to which Defendant agreed.

{16}    Based on the totality of the circumstances, Officer Johnston had reasonable and articulable suspicion to expand the initial scope of the traffic stop to include inquiry into narcotics. *See State v. Lowe*, 2004-NMCA-054, ¶ 12, 135 N.M. 520, 90 P.3d 539 ("[I]f the officer has reasonable, articulable suspicion that the motorist possesses or is under the influence of illicit drugs or alcohol, the officer can inquire about drugs or alcohol."); *State v. Fairres*, 2003-NMCA-152, ¶ 9, 134 N.M. 668, 81 P.3d 611 (stating that "[a]lthough the investigation did not originally involve drugs, the officers could reasonably expand the scope of the investigation based on the reasonable suspicion of criminal activity" upon seeing illegal drugs and drug

11

paraphernalia); *State v. Williamson*, 2000-NMCA-068, ¶ 14, 129 N.M. 387, 9 P.3d 70 (holding it was lawful during a traffic stop to expand the scope of questioning to inquire about drug possession when the officer had reasonable suspicion that the defendant was under the influence of alcohol and drugs were found on the passenger); *see also State v. Duran*, 2005-NMSC-034, ¶¶ 38, 42, 138 N.M. 414, 120 P.3d 836 (concluding that an officer permissibly expanded the scope of the stop based on, inter alia, the defendant's high degree of nervousness and the officer's observations of suspicious items in plain view), *overruled on other grounds by Leyva*, 2011-NMSC-009, ¶ 17.

{17}   Because we hold that the expansion of the traffic stop was supported by reasonable suspicion, we further conclude that Defendant's consent to search was lawfully given. *See Williamson*, 2000-NMCA-068, ¶ 17 ("Because we find that [the d]efendant was legally detained and that [the officer's] questioning was a legitimate extension of a lawful investigation, Defendant's consent cannot be invalidated on this basis."); *Funderburg*, 2008-NMSC-026, ¶ 33 (holding that the defendant's consent was lawfully given after determining that the defendant's detention was constitutionally reasonable). We therefore affirm the district court's denial of Defendant's motion to suppress.

**II.    Ineffective Assistance of Counsel**

**{18}** Relying on *State v. Ochoa*, Defendant argues that he received ineffective assistance of counsel when trial counsel failed to argue in the motion to suppress that Officer Johnston's initial stop of Defendant was pretextual. 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143. "If facts necessary to a full determination are not part of the record [on direct appeal], [such a] claim is more properly brought through a habeas corpus petition, although [we] may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. To make a prima facie case of ineffective assistance, a defendant must establish that defense counsel's performance fell below the standard of a reasonably competent attorney, and that, as a result, the defense was prejudiced. *State v. Mosley*, 2014-NMCA-094, ¶ 19, 335 P.3d 244.

**{19}** Where, as here, the claimed ineffectiveness is that trial counsel failed to file a motion to suppress, the defendant "must establish that the facts support the motion to suppress and that a reasonably competent attorney could not have decided that such a motion was unwarranted." *State v. Howl*, 2016-NMCA-084, ¶ 11, 381 P.3d 684 (internal quotation marks and citation omitted). Defendant cannot meet this burden on the record before us. To establish that a traffic stop is unconstitutionally pretextual under Article II, Section 10, the State has the initial burden of showing that "there was reasonable suspicion or probable cause for the

13

stop." *Ochoa*, 2009-NMCA-002, ¶ 40. Given Defendant's failure to challenge the initial stop below, we presume that the State has met this burden. Defendant then has the burden of setting forth "sufficient facts indicating the officer had an unrelated motive that was not supported by reasonable suspicion or probable cause[.]" *Id.* Unlike the defendant in *Ochoa*, Defendant fails to point to any *specific* facts bearing on Officer Johnston's motivation. *See id.* ¶ 44. Instead, Defendant argues that we should infer pretext because "this case involved a minor alleged traffic infraction that quickly turned into a drug investigation based on 'nervousness'—i.e., a quintessential pretextual stop scenario[.]" This argument falls short of the specific factual showing required by *Ochoa*. As such, Defendant has not established a factual basis to support the filing of a motion to suppress on pretextual grounds. And "trial counsel is not incompetent for failing to make a motion when the record does not support the motion." *State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455.

{20}     Accordingly, we conclude that Defendant has failed to establish a prima facie case of ineffective assistance of counsel. Our decision does not preclude Defendant's ability to pursue habeas corpus or other post-sentence relief with respect to his claim of ineffective assistance of counsel. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517; *see also* Rule 5-803 NMRA (petitions for post-sentence relief).

14

**CONCLUSION**

{21}	For the foregoing reasons, we affirm the district court's denial of Defendant's motion to suppress and deny Defendant's request to remand for an evidentiary hearing on the basis of ineffective assistance of counsel.

{22}	**IT IS SO ORDERED.**


_____
**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**


_____
**EMIL J. KIEHNE, Judge**