This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41780

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**JONAH D. DAYEA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Anne Amicarella, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the State's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief and reply, we reverse for the following reasons.

# I. The District Court's Consideration of Arguments Made in Magistrate Court

**{2}** The State contends that the district court erred "by considering constitutional issues that were not before the [district] court," and that the State was not placed on notice that reasonable suspicion would be part of the hearing by the filings in district court. [BIC 14] The State's argument is premised on the fact that this case originated in magistrate court, where Defendant filed motions to suppress both his seizure and his arrest. [RP 14, 25-47] The State dismissed the charges in magistrate court before its response was due and then refiled in district court, citing *State v. Neal*, 2008-NMCA-008, ¶ 14, 143 N.M. 341, 176 P.3d 330, and the pending suppression motions. [RP 1, 39] The magistrate court issued an order granting Defendant the requested relief—*after* the State had dismissed the case in magistrate court—based on the State's failure to file a response to the motions. [RP 22-23] Defendant filed a motion in the district court that included the magistrate court orders and the suppression motions as exhibits, and asked the district court to affirm the magistrate court's rulings and to exclude evidence Defendant claimed was properly suppressed by the magistrate court. [RP 16-45] A hearing was set and the State sought a continuance to ensure the appearance of an "essential witness." [RP 69, 70] Thereafter, a second notice of hearing was entered by the district court, the hearing was held, and the district court heard witness testimony. [RP 71, 72, 75-84; BIC 8-13; AB 4-8]

**{3}** The State contends that the magistrate court lost jurisdiction to rule on the motions once it dismissed the case, that the magistrate court's orders were a nullity with no effect on the district court [BIC 14-15], and that the State's dismissal was permitted by *Neal* [BIC 15-17]. We do not disagree with the State on any of these points. However, to the extent the State contends that the district court erred by considering the constitutional suppression issues because Defendant did not file that motion as a "self-standing" motion in district court [BIC 14, 17-18], we disagree.

**{4}** Notably, the State offers no authority directly supporting the assertion that Defendant was required to file a "self-standing" motion in district court. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 (providing that where a party cites no authority, this Court may assume that no such authority exists). Even if we were to accept the State's argument that "the magistrate court procedural developments had virtually no relevance, and certainly no substantive relevance, to any matters possibly before the district court" [BIC 18], *but see City of Farmington v. Piñon-Garcia*, 2013-NMSC-046, ¶ 12, 311 P.3d 446 ("Simply because [inferior] courts are not courts of record does not mean that the entire history of a case in [an inferior] court is disregarded."), the fact remains that Defendant raised the issue of suppression in the district court and brought to the district court's attention the particulars of his constitutional arguments in support of suppression through his motion and exhibits. [RP 16-45] Further, to the extent the State's argument in favor of a self-standing motion is interconnected with its claims of lack of notice, the record reflects that the State had notice that the substantive bases for Defendant's motion would be at issue at the hearing. Though the motion was captioned as a "Motion to Exclude Evidence Properly Suppressed in Magistrate Court," attached to that motion were the motions filed in

magistrate court [RP 24-37], and the State, apparently aware that the merits could be at issue, filed a motion to continue the hearing to ensure its witnesses would be available [RP 70]. The State's motion and the order granting the continuance, which also was drafted by the State, both called Defendant's motion simply a "Motion to Suppress." [RP 70, 71] It was therefore apparent that, despite Defendant's choice of title for the motion, the State knew the merits of suppression would be at issue. *See State v. Paiz*, 2011-NMSC-008, ¶ 31, 149 N.M. 412, 249 P.3d 1235 (rejecting state's argument that mistitled motion did not preserve an issue for review because "the substance of the motion, not its title, controls" (internal quotation marks and citation omitted)).

**{5}** Accordingly, to the extent the State asks this Court to conclude the district court abused its discretion in considering the constitutional question of whether suppression was required [BIC 15-18], we decline to do so. *See State v. Patterson*, 2017-NMCA-045, ¶ 11, 395 P.3d 543 ("A court abuses its discretion when it makes an evidentiary ruling that is clearly against the logic and effect of the facts and circumstances of the case and clearly untenable or not justified by reason." (internal quotation marks and citations omitted)). Rather, we conclude that it was reasonable for the district court to conduct its independent review of the merits of Defendant's request for suppression and, therefore, not an abuse of discretion, where the State appeared at the hearing with its witnesses and stated that it understood the district court might wish to hold a hearing to conduct a review.

## II.     The District Court's Ruling on Reasonable Suspicion

**{6}** The State argues the district court erred in granting Defendant's motion to suppress because no seizure occurred and, even if it did occur, reasonable suspicion existed. [BIC 20-24] "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted).  The appellate court reviews "factual matters with deference to the district court's findings if substantial evidence exists to support them, and it reviews the district court's application of the law de novo." *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183.

**{7}** First, the State argues it did not need to demonstrate reasonable suspicion because this was a consensual encounter, not a stop. [BIC 20-22] *See State v. Simpson*, 2019-NMCA-029, ¶ 8, 446 P.3d 1160 (holding that police do not need justification to approach and question a person, so long as the officer's actions do not convey a message that compliance is required). The parties agree the State did not raise this argument below. [AB 18; RB 13-14] Rather, the arguments below focused on whether reasonable suspicion existed for the encounter, not whether the stop was consensual. Because this issue was not preserved in the district court, we decline to address it. *See* Rule 12-321(A) NMRA; *State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 ("[W]hile the [s]tate may have a number of different theories as to why the evidence should not be suppressed, in order to preserve its arguments for appeal, the [s]tate must have alerted the district court as to which theories it was relying on in support of its argument in order to allow the district court to make a ruling

thereon."); *State v. Montoya*, 2016-NMCA-098, ¶ 15, 384 P.3d 1114 (stating that purpose of the preservation requirement is to allow opposing party to respond to argument, district court to make a ruling, and appellate court to have a record for review).

**{8}** Second, the State contends the district court erred in concluding that reasonable suspicion did not exist for the officers to detain and question Defendant. We agree.

**{9}** In *State v. Contreras*, 2003-NMCA-129, ¶¶ 2, 21, 134 N.M. 503, 79 P.3d 1111, this Court held that reasonable suspicion existed for an officer to make a traffic stop of a suspected intoxicated driver where an anonymous tipster reported a gray van towing a red Geo and driving erratically. This Court examined three factors to determine if an anonymous tip was sufficiently reliable to give rise to reasonable suspicion: (1) whether the tip contained sufficient information to identify the vehicle; (2) whether the tip was sufficiently reliable under the circumstances; and (3) the possible threat of drunk driving to public safety, balanced against the defendant's right to be free from unreasonable seizure. *Id.* ¶¶ 9, 10, 13.

**{10}** Here the parties agree on the relevant facts related to the tip. Police received a citizen tip that a gray, brown, dark-in-color or muddy pickup was swerving or driving recklessly on Highway 264 and had pulled into the Sagebrush liquor store. [BIC 2, 10, 11; AB 32] The tip gave no license plate, make or model of truck, or description of the driver. [AB 6, 7, 33] Six minutes after receiving a radio call with the tip, Deputy Mahkee arrived at the liquor store and saw Defendant's gray Nissan truck. [BIC 11-12]

**{11}** The district court granted the motion to suppress because the tip gave no information about the make and model of the truck. According to the district court's order suppressing evidence, "[t]estimony regarding the color of the vehicle varied from dark gray or dark brown to merely muddy," the tip contained no information about the vehicle occupants, and the time that elapsed between the "attempt to locate" and Deputy Mahkee's discovering Defendant's truck "attenuated the likelihood that defendant's vehicle was the one being sought." [RP 85-86] Defendant, however, has not established that a description of the vehicle's occupants or the specific make or model of the truck are necessary in every case. Indeed, information from an eyewitness to reckless driving that describes the color and size of the vehicle and its general location has been deemed sufficient to give rise to reasonable suspicion for a stop. In *State v. Tidey*, 2018-NMCA-014, ¶ 22, 409 P.3d 1019, this Court applied *Contreras* to evaluate a tip "that a big gray or silver vehicle, with a male driver" was driving recklessly. The informant described "the color and model of the vehicle, its location and direction on a specific street," and an officer stopped the vehicle moments later. *Id.* ¶¶ 2, 23. This information provided reasonable suspicion to stop the defendant's vehicle. *Id.* ¶ 23. The eyewitness in the present case did not provide a specific make or model, but did describe the color of and style of the vehicle and provided its location in a specific parking lot, and Defendant's truck, which matched that description, was found within six minutes at that location. Those facts are enough in this case to conclude that Deputy Mahkee had reasonable suspicion to contact Defendant and investigate the reported

reckless driving. *See State v. Simpson*, 2016-NMCA-070, ¶ 11, 388 P.3d 277 ("Whether an investigatory detention is justified by reasonable suspicion depends on the totality of the circumstances"); *Contreras*, 2003-NMCA-129, ¶ 7 (observing that evaluation of the totality of the circumstances requires looking at all factors, and "no one criterion is dispositive of the ultimate conclusion"). *See also Tidey*, 2018-NMCA-014, ¶ 23 ("[T]he possible danger to the public of a drunk driver presents an exigent circumstance that can tip the balance in favor of a stop.").

**{12}**   For the reasons stated above, we reverse.

**{13}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**